STATE OF NORTH CAROLINA v. GARY FRANCES MELLO

No. COA08-1054

(Filed 3 November 2009)

**1. Constitutional Law— ordinance—loitering for the purpose of drug activity—overbroad**

An ordinance was unconstitutionally overbroad where it prohibited loitering in a public place under circumstances manifesting the purpose of violating the Controlled Substances Act. The ordinance did not require proof of intent and criminalizes constitutionally permissible conduct.

**2. Constitutional Law— ordinance—loitering for the purpose of drug activity—vagueness**

An ordinance which prohibited loitering in such a manner as to raise a reasonable suspicion of drug activity was unconstitutionally vague because it did not clarify the behavior the provision governs. Arresting a person on suspicion alone is also unconstitutional.

**3. Appeal and Error— preservation of issues—failure to cite authority—objection on other grounds at trial**

An assignment of error was dismissed for not citing authority for the argument that a conviction must be dismissed if the State did not show beyond a reasonable doubt that the admission of challenged evidence did not effect the verdict. Furthermore, defendant's objections at trial were on other grounds.

tem for the economical and safe transportation of people and goods as provided for by law." N.C. Gen. Stat. § 143B-346 (2007).

**4. Sentencing— remand of consolidated judgment—sentence completed**

A judgment in which four charges were consolidated was remanded for resentencing even if defendant had served his sentence on all charges where one of the charges was based on an unconstitutional ordinance.

Appeal by defendant from judgment entered 14 November 2007 by Judge Henry E. Frye, Jr., in Forsyth County Superior Court. Heard in the Court of Appeals 7 April 2009.

*Attorney General Roy Cooper, by Assistant Attorney General Derrick C. Mertz, for the State.*

*Glover & Peterson, P.A., by James R. Glover, for defendant-appellant.*

HUNTER, JR., Robert N., Judge.

Defendant Gary Frances Mello ("defendant") appeals his conviction under Winston-Salem City Ordinance § 38-29 ("the Ordinance") for loitering for the purpose of engaging in drug-related activity. Defendant argues that the Ordinance is unconstitutional on grounds of overbreadth and vagueness. We agree.

I. Background

On 25 February 2007 and 4 June 2007, a Forsyth County Grand Jury returned superseding indictments charging defendant with the following offenses allegedly committed on 28 August 2006: three counts of assaulting a government official (involving Officers J.R. Pritchard, D.J. Hege, and B.G. Extrom of the Winston-Salem Police Department); one count of loitering for the purpose of engaging in drug-related activity; and two counts of failing to heed a blue light and siren.

The charges came for trial on 29 October 2007, with the Honorable Henry E. Frye, Jr., presiding. Defendant filed a motion to exclude evidence of his 26 August 2006 encounter with Officer Pritchard on grounds of unfair prejudice and irrelevance. On 31 October 2007, the trial court denied defendant's motion to dismiss the loitering charge on the grounds that the Ordinance was unconstitutional and conducted a voir dire hearing to determine whether the State could introduce Rule 404(b) evidence relating to Officer Pritchard's traffic stop of defendant on 26 August 2006. During voir

dire, defendant contended that introducing such evidence violated the balancing test set out in Rule 403. Over defendant's objection, the trial court allowed Officer Pritchard to testify about his encounter with defendant on 26 August 2006.

On 14 November 2007, the jury found defendant guilty of one count of assault with a deadly weapon upon a government official (Officer Pritchard), one count of loitering for the purpose of engaging in drug-related activity, and two counts of failure to heed light or siren. In a judgment entered 14 November 2007, the trial court consolidated the four convictions for judgment, determined that defendant had a prior record level of II, and sentenced him to 19 to 23 months of imprisonment. Defendant appeals.

## II.  Winston Salem City Ordinance § 38-29

**[1]** Defendant argues that the trial court erred in denying his motion to dismiss the charge of loitering for the purpose of engaging in drug-related activity and contends that the Ordinance is unconstitutionally overbroad and vague. The Ordinance provides that:

(b) It shall be unlawful for a person to remain or wander about in a public place under circumstances manifesting the purpose to engage in a violation of the North Carolina Controlled Substances Act, G.S. 90-89 et seq. Such circumstances are:

(1) Repeatedly beckoning to, stopping or attempting to stop passersby, or repeatedly attempting to engage passersby in conversation;

(2) Repeatedly stopping or attempting to stop motor vehicles;

(3) Repeatedly interfering with the free passage of other persons;

(4) Such person behaving in such a manner as to raise a reasonable suspicion that he is about to engage in or is engaged in an unlawful drug-related activity;

(5) Such person repeatedly passing to or receiving from passersby, whether on foot or in a vehicle, money or objects;

(6) Such person taking flight upon the approach or appearance of a police officer; or

(7) Such person being at a location frequented by persons who use, possess or sell drugs.

Winston-Salem City Ordinance § 38-29(b) (2009). The indictment alleged that defendant violated § 38-29(b)(4) and (7) of the Ordinance by "behaving in such a manner as to raise a reasonable suspicion that he is about to engage in or is engaged in an unlawful drug-related activity" and being "at a location frequented by persons who use, possess or sell drugs[.]" *See id.*

"In challenging the constitutionality of a statute, the burden of proof is on the challenger, and the statute must be upheld unless its unconstitutionality clearly, positively, and unmistakably appears beyond a reasonable doubt or it cannot be upheld on any reasonable ground." *Guilford Co. Bd. of Education v. Guilford Co. Bd. of Elections,* 110 N.C. App. 506, 511, 430 S.E.2d 681, 684 (1993). When examining the constitutional propriety of legislation, "[w]e presume that the statutes are constitutional, and resolve all doubts in favor of their constitutionality." *State v. Evans,* 73 N.C. App. 214, 217, 326 S.E.2d 303, 306 (1985).

## A.  Overbreadth

A law is impermissibly overbroad if it deters a substantial amount of constitutionally protected conduct while purporting to criminalize unprotected activities. *Hoffman Estates v. Flipside, Hoffman Estates,* 455 U.S. 489, 494, 71 L. Ed. 2d 362, 369, *reh'g denied,* 456 U.S. 950, 72 L. Ed. 2d 476 (1982). Legislative enactments that encompass a substantial amount of constitutionally protected activity will be invalidated even if the statute has a legitimate application. *Houston v. Hill,* 482 U.S. 451, 459, 96 L. Ed. 2d 398, 410 (1987). When raising an overbreadth challenge, the challenger has the right to argue the unconstitutionality of the law as to the rights of others, not just as the ordinance is applied to him. *Broadrick v. Oklahoma,* 413 U.S. 601, 612, 37 L. Ed. 2d 830, 840 (1973).

In *Evans,* we upheld the constitutionality of a statute that prohibited loitering for the purpose of engaging in prostitution, because it required that the person engage in certain acts "for the purpose of violating" anti-prostitution laws. *Evans,* 73 N.C. App. at 216-18, 326 S.E.2d at 306-07. We reasoned that, although some of the acts encompassed in the loitering statute were constitutionally permissible (*i.e.,* repeatedly attempting to engage passersby in conversation, repeatedly stopping vehicles), the statute "require[d] proof of *specific criminal intent,* the missing element in unconstitutional 'status' offenses such as simple loitering." *Id.* at 217, 326 S.E.2d 307 (emphasis added).

Contrary to the statute at issue in *Evans*, the present Ordinance does not require proof of intent to violate a drug law, but imposes liability solely for conduct that "manifests" such purpose. The State's assertion that we upheld similar language in *Evans* has no merit. In *Evans*, we stated that:

> American courts have overwhelmingly upheld enactments such as G.S. § 14-204.1 which include an element of criminal intent. Two cases from the Washington Supreme Court illustrate precisely the rationale applied. In *City of Seattle v. Drew*, 70 Wash. 2d 405, 423 P. 522 (1967), the court struck down an ordinance which criminalized "wandering abroad" without "satisfactory account." The City then amended the ordinance, adding the requirement that the loitering be "under circumstances manifesting" unlawful purpose. The court upheld the amended ordinance. *City of Seattle v. Jones*, 79 Wash. 2d 626, 488 P. 2d 750 (1971). The United States Supreme Court has approved a similar holding by dismissing for want of a substantial federal question. *Matter of D.*, 27 Or. App. 861, 557 P. 2d 687 (1976) ("under circumstances manifesting" unlawful purpose) *appeal dismissed sub nom. D. v. Juvenile Dept. of Multnomah County*, 434 U.S. 914 (1977) . . . . Our statute is functionally equivalent to these enactments, since intent or purpose ordinarily must be shown by circumstantial evidence. Accordingly, we hold that the statute is not void for overbreadth.

*Id.* at 218, 326 S.E.2d at 307. In *Evans*, we did not interpret the phrase, "under circumstances manifesting," as the anti-prostitution loitering statute did not contain such language. The law of the case doctrine applies only to "points actually presented and necessary for the determination of the case and not to dicta." *Kanipe v. Lane Upholstery*, 151 N.C. App. 478, 485, 566 S.E.2d 167, 171, *disc. review denied, disc. review dismissed*, 356 N.C. 303, 570 S.E.2d 724-25, *petition for reconsideration dismissed*, 356 N.C. 437, 572 S.E.2d 784 (2002). Thus, our citation to cases in other jurisdictions which upheld the constitutionality of such language was dicta, which is not binding on the present case.

Contrary to the State's assertion, the Ordinance in the case sub judice does not require proof of specific criminal intent.[1] The

---

1. We note during defendant's trial the jury was not instructed that defendant was required to have the intent or purpose to violate the Controlled Substances Act to be found guilty of loitering for the purpose of drug-related activity.

Ordinance lists seven types of actions, each of which, by definition, is "conduct that manifests a purpose" to violate a drug law. Winston-Salem City Ordinance § 38-29(b).

Because the Ordinance fails to require proof of intent, it attempts to curb drug activity by criminalizing constitutionally permissible conduct. Under the Ordinance, anyone who engages in the conduct listed in Ordinance § 38-29(b)(1)-(7) is deemed to possess the requisite intent to engage in drug-related activity, regardless of his or her actual purpose. A law which criminalizes a substantial amount of constitutionally permissible conduct is unconstitutionally overbroad. *See Papachristou v. City of Jacksonville*, 405 U.S. 156, 164-65, 31 L. Ed. 2d 110, 117 (1972) (characterizing the right to walk, stroll, or wander with no apparent purpose as an aspect of liberty within "the sensitive First Amendment area"); *Coates v. Cincinnati*, 402 U.S. 611, 614, 29 L. Ed. 2d 214, 217-18 (1971) (holding that a law that prohibited people from congregating in public and engaging in annoying activities abridged the First Amendment right of assembly); *Evans*, 73 N.C. App. at 217, 326 S.E.2d at 306 ("Mere presence in a public place cannot constitute a crime."); *Sawyer v. Sandstrom*, 615 F.2d 311, 316 (5th Cir. 1980) (concluding that an ordinance which prohibited a person from loitering while knowing that a narcotic was being unlawfully possessed violated the First Amendment for "criminaliz[ing] ordinary associational conduct not constituting a breach of the peace").

Thus, the Ordinance permits the police to arrest a person who socializes at a community event for "repeatedly attempting to engage passersby in conversation[.]" Winston-Salem City Ordinance § 38-29(b)(1). Anyone who attempts to flag down taxicabs violates the Ordinance by "[r]epeatedly stopping or attempting to stop motor vehicles[.]" *Id.* at (b)(2). If an individual stops people on the sidewalk to conduct a public survey, he is "repeatedly interfering with the free passage of other persons[.]" *Id.* at (b)(3). Somebody who hands out fliers in public or collects donations is "repeatedly passing to or receiving from passersby . . . money or objects[.]" *Id.* at (b)(5). A person who walks in the opposite direction of a police officer that he observes could be considered to be "taking flight upon the approach or appearance of a police officer[.]" *Id.* at (b)(6). A person who is present in an area where drug arrests have occurred or drug-dealers have visited, can be arrested for "being at a location frequented by persons who use, possess or sell drugs." *Id.* at (b)(7). Accordingly, we hold the Ordinance to be unconstitutionally overbroad.

## B. Vagueness

[2] The Fourteenth Amendment's due process clause requires that laws be sufficiently clear to provide notice of what is prohibited and provide minimum guidelines to those who enforce such laws. *Grayned v. City of Rockford*, 408 U.S. 104, 108, 33 L. Ed. 2d 222, 227 (1972). "A statute is 'void for vagueness' if it forbids or requires doing an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." *State v. Worthington*, 89 N.C. App. 88, 89, 365 S.E.2d 317, 318 (citation omitted) (quoting *Coates*, 402 U.S. 611, 29 L. Ed. 2d 214), *appeal dismissed*, 322 N.C. 115, 367 S.E.2d 134 (1988).

When evaluating whether a person of ordinary intelligence could determine what conduct is prohibited, " '[o]nly a reasonable degree of certainty is necessary, mathematical precision is not required.' " *State v. Sinnott*, 163 N.C. App. 268, 274, 593 S.E.2d 439, 443, *appeal dismissed*, 358 N.C. 738, 602 S.E.2d 678 (2004), *cert. denied*, 544 U.S. 962, 161 L. Ed. 2d 604 (2005). The purpose of this fair notice requirement is to enable a citizen to conform his or her conduct to the law. *Chicago v. Morales*, 527 U.S. 41, 58, 144 L. Ed. 2d 67, 81 (1999); *see Lanzetta v. New Jersey*, 306 U.S. 451, 453, 83 L. Ed. 888, 890 (1939) ("No one may be required at peril of life, liberty or property to speculate as to the meaning of penal statutes.").

An anti-gang loitering ordinance which forbids a person "to remain in any one place with no apparent purpose" was held to be unconstitutionally vague. *Chicago*, 527 U.S. at 56-57, 144 L. Ed. 2d at 80. The United States Supreme Court found that the ordinance did not provide citizens sufficient notice of how to conform their conduct to the law, explaining that

> it is difficult to imagine how any [person] standing in a public place with a group of people would know if he or she had an 'apparent purpose.' If she were talking to another person, would she have an apparent purpose? If she were frequently checking her watch and looking expectantly down the street, would she have an apparent purpose?

*Id.*

Our Court ruled that a statute that prohibited members of the opposite sex from occupying the same hotel room for "immoral purposes" was unconstitutionally vague. *State v. Sanders*, 37 N.C. App. 53, 55, 245 S.E.2d 397, 398 (1978). A person of ordinary intelligence

would have difficulty ascertaining what would encompass an "immoral purpose," and instead, would have to speculate as to what acts were criminal. *Id.*

It is unreasonable to expect an average citizen to predict what conduct is considered to be "behaving in such a manner as to raise a reasonable suspicion that he is about to engage in or is engaged in an unlawful drug-related activity." Winston-Salem Ordinance § 38-29(b)(4) (2009). The Ordinance, here, fails to define what type of conduct violates this provision, and leaves ordinary persons uncertain on how to adhere to the law.

Furthermore, a reasonable suspicion of illegal activity is not sufficient to justify an arrest, as the Fourth Amendment requires the police to have probable cause before making an arrest. *Papachristou*, 405 U.S. at 169, 31 L. Ed. 2d at 119. Arresting a person on suspicion alone is prohibited by our Constitution. *Id.*; *see also Sawyer*, 615 F.2d at 317 ("[I]f the purpose of the [anti-drug loitering] ordinance is to nip crime in the bud by providing police with the means to arrest all suspicious persons, it is patently unconstitutional.").

In accordance with these principles, we hold § 38-29(b)(4) of the Ordinance to be unconstitutionally vague, as it fails to clarify what behavior this provision governs. Furthermore, this section violates the Fourth Amendment by allowing the police to arrest in the absence of probable cause.

### III. Motion to Suppress 26 August 2006 Traffic Stop

[3] Defendant argues that the trial court erred in denying his motion to suppress evidence in case No. 06CRS06008, and assigns error to the admission of such evidence in this case. We dismiss the assignment of error, as it was not properly preserved for appellate review.

In case No. 06CRS06008, defendant filed a motion to suppress evidence obtained from Officer Pritchard's traffic stop of defendant on 26 August 2006, which resulted in defendant's arrest for felony possession of cocaine and possession of drug paraphernalia. In his motion, defendant argued that Officer Pritchard lacked reasonable suspicion to stop his vehicle. The trial court denied defendant's motion to suppress on 31 August 2007.[2]

---

2. Our decision on whether Officer Pritchard had reasonable suspicion to conduct an investigatory stop of defendant's vehicle on 26 August 2006 is addressed in our opinion for *State v. Mello*, —— N.C. App. ——, —— S.E.2d —— (COA08-1052) (filed 3 November 2009)).

Over defendant's objections, the trial court allowed Officer Pritchard to testify about his traffic stop of defendant on 26 August 2006 for purposes of Rule 404(b). Accordingly, the jury instructions provided that the Rule 404(b) evidence could only be considered for the limited purposes of: showing that defendant had the intent to assault Officer Pritchard on 28 August 2006, opportunity to commit the crime, a plan or scheme that involved the crimes charged, and the absence of mistake or accident.

In this appeal, defendant challenges the trial court's admission of this evidence, and argues that defendant's conviction for assault with a deadly weapon upon government official Officer Pritchard must be reversed "unless the State can show beyond a reasonable doubt that it could not have affected the jury's guilty verdicts." Defendant cites no authority for this proposition and makes no argument as to how admitting Officer Pritchard's testimony affected the jury's verdicts. *See* N.C.R. App. P. 28(b)(6) (2009) (requiring arguments presented in the briefs to "contain citations of the authorities upon which the appellant relies").

Furthermore, when Officer Pritchard testified at trial about his encounter with defendant on 26 August 2006, defendant's objections did not address Officer Pritchard's reasonable suspicion to stop defendant. Defendant objected only on grounds of admitting the evidence for purposes of Rule 404(b) and whether such evidence violated the balancing test in Rule 403. To preserve an issue for appellate review, a party is required to raise an objection or motion at the trial level "stating the *specific grounds* for the ruling the party desired[.]" *See* N.C.R. App. P. 10(b)(1) (emphasis added). Given that defendant did not raise objections about Officer Pritchard's lack of reasonable suspicion at trial, we must dismiss the assignment of error. All of defendant's additional assignments of error not set forth in his brief or argued on appeal are deemed abandoned. N.C.R. App. P. 28(b)(6); *State v. Murrell*, 362 N.C. 375, 411, 665 S.E.2d 61, 85, (2008), *cert. denied*, U.S. ——, 173 L. Ed. 2d 1099, *reh'g denied*, —— U.S. ——, 174 L. Ed. 2d 313 (2009).

## IV. Conclusion

Defendant's assignment of error that the trial court erred in admitting evidence of Officer Pritchard's 26 August 2006 traffic stop of defendant is dismissed. We hold Winston-Salem City Ordinance § 38-29 to be unconstitutionally overbroad, and § 38-29(b)(4) of the Ordinance to be unconstitutionally vague. We reverse the trial court's denial of defendant's motion to dismiss the charge of loitering for the

purpose of engaging in drug-related activity and vacate defendant's conviction. Because defendant had four charges consolidated in the judgment entered 14 November 2007, we vacate the judgment and remand this case to the trial court for resentencing on the remaining two charges of failure to heed light or siren and of assault with a deadly weapon upon a government official.[3] *See State v. Brown*, 350 N.C. 193, 214, 513 S.E.2d 57, 70 (1999).

Judgment vacated, reversed and remanded in part, and dismissed in part.

Judges JACKSON and ERVIN concur.

---

**[4]** 3. If defendant has served his sentence on all charges, judgment must still be vacated and case must be remanded for entry of a judgment that does not include defendant's vacated conviction for loitering for the purpose of drug-related activity.