IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA18-794-2

 Filed: 6 October 2020

Mecklenburg County, No. 16CRS210771

STATE OF NORTH CAROLINA

 v.

TENEDRICK STRUDWICK

 Appeal by defendant from order entered 19 December 2017 by Judge Yvonne

Mims Evans in Superior Court, Mecklenburg County. Heard in the Court of Appeals

13 February 2019, and opinion filed 6 August 2019. Remanded to this Court by order

of the North Carolina Supreme Court for further consideration in light of State v.

Grady, 372 N.C. 509, 831 S.E.2d 542 (2019).

 Attorney General Joshua H. Stein, by Special Deputy Attorney General Sonya
 M. Calloway-Durham, for the State.

 Appellate Defender Glenn Gerding, by Assistant Appellate Defender Nicholas
 C. Woomer-Deters, for defendant-appellant.

 STROUD, Judge.

 Defendant Tenedrick Strudwick timely appealed from the trial court’s order

requiring him to enroll in lifetime satellite-based monitoring following his future

release from prison. On 6 August 2019, this Court filed an unpublished opinion

reversing the trial court’s civil order mandating lifetime satellite-based monitoring.

See State v. Strudwick, ___ N.C. App. ___, 830 S.E.2d 703 (2019) (unpublished). The
 STATE V. STRUDWICK

 Opinion of the Court

State subsequently filed a petition for discretionary review with the North Carolina

Supreme Court. On 30 October 2019, the Supreme Court allowed the State’s petition

for discretionary review for the limited purpose of remanding to this Court for

reconsideration in light of the Supreme Court’s decision in State v. Grady, 372 N.C.

509, 831 S.E.2d 542 (2019) (‘‘Grady III’’). Upon reconsideration, we reach the same

result as our previous opinion and reverse the trial court’s order mandating lifetime

satellite-based monitoring.

 I. Background

 We described the factual background of this case in our prior opinion:

 Defendant pleaded guilty to first degree rape, first degree
 kidnapping, and robbery with a dangerous weapon and was
 sentenced to 30 years minimum to 43 years maximum in
 prison. At a later hearing on SBM, the State presented
 Shakira Jones, a probation officer with the Department of
 Public Safety for the sex offender population. Ms. Jones
 testified about SBM and the Static-99 form which is used
 to “determine the offender’s risk level . . . to determine
 whether they’re a risk for future offenses or to re-offend.”
 Ms. Jones filled out a Static-99 form for defendant, and he
 had a total score of 3, which placed him in the “Average
 Risk” category. At the conclusion of the State’s evidence,
 the trial court denied defendant’s motion to dismiss the
 SBM proceedings and subsequently ordered defendant to
 submit to lifetime SBM. Defendant timely appealed.

State v. Strudwick, ___ N.C. App. ___, 830 S.E.2d 703 (alteration in original).

 The procedural situation in Grady III was quite different from this case. Mr.

Grady was sentenced to imprisonment in 2006, served his sentence, and “was

 2
 STATE V. STRUDWICK

 Opinion of the Court

unconditionally released from prison on 25 January 2009 and received certification

that his rights of citizenship were ‘BY LAW AUTOMATICALLY RESTORED.’”

Grady III, 372 N.C. at 511, 831 S.E.2d at 547. In March 2010, Mr. Grady was notified

that a hearing was scheduled to determine whether he should be subject to SBM:

 the North Carolina Department of Correction (DOC) sent a
 letter to Grady informing him that it had made an initial
 determination that he met the statutory criteria of a
 “recidivist,” which would require his enrollment in the
 SBM program, and giving him notice to appear at a hearing
 at which the court would determine his eligibility for SBM.
 Before a hearing was held, he pleaded guilty on 27 October
 2010 to failure to maintain his address with the sex
 offender registry and was sentenced to twenty-four to
 twenty-nine months in prison. He served that term of
 imprisonment and was again unconditionally released on
 24 August 2012. A new hearing was scheduled for 14 May
 2013 in the Superior Court in New Hanover County to
 determine if Grady should be required to enroll in the
 State’s SBM program.

Id. at 512, 831 S.E.2d at 547. Mr. Grady “filed a motion to deny the SBM application

and dismiss the proceeding” based in part upon his contention that “the imposition of

the monitoring upon Defendant violates his rights to be free from unreasonable

search and seizure as guaranteed by the Fourth Amendment of the United States

Constitution and Article I, Section 20 of the North Carolina Constitution.” Id. at 515-

16, 831 S.E.2d at 549. The trial court denied Mr. Grady’s motion, found he was a

“recidivist” as defined by statute, and ordered him to enroll in SBM for the rest of his

life. Id. at 516 831 S.E.2d at 550.

 3
 STATE V. STRUDWICK

 Opinion of the Court

 After extended appellate proceedings, the Supreme Court ultimately held SBM

was an unconstitutional search as applied to Mr. Grady and others in the same

category as Mr. Grady. Grady III limited its holding to a particular group of

defendants, “recidivists” as defined by North Carolina General Statute § 14-208.6(2b):

 In light of our analysis of the program and the applicable
 law, we conclude that the State’s SBM program is
 unconstitutional in its application to all individuals in the
 same category as defendant—specifically, individuals who
 are subject to mandatory lifetime SBM based solely on
 their status as a statutorily defined “recidivist” who have
 completed their prison sentences and are no longer
 supervised by the State through probation, parole, or post-
 release supervision. We decline to address the application
 of SBM beyond this class of individuals.

Id. at 522, 831 S.E.2d at 553 (footnote omitted).

 II. Analysis

 Although Grady III’s holding does not directly apply to Defendant in this case,

who was not classified as a “recidivist,” the analysis of the issue described in Grady

III does apply to this case. See State v. Griffin, ___ N.C. App. ___, ___, 840 S.E.2d

267, 273 (2020) (“Although Grady III does not compel the result we must reach in this

case, its reasonableness analysis does provide us with a roadmap to get there. As

conceded by the State at oral argument, Grady III offers guidance as to what factors

to consider in determining whether SBM is reasonable under the totality of the

circumstances. We thus resolve this appeal by reviewing Defendant’s privacy

interests and the nature of SBM’s intrusion into them before balancing those factors

 4
 STATE V. STRUDWICK

 Opinion of the Court

against the State’s interests in monitoring Defendant and the effectiveness of SBM

in addressing those concerns. (citing Grady III, 372 N.C. at 527, 534, 538, 831 S.E.2d

at 557, 561, 564.”)).

 And although Mr. Grady had already completed his sentence when his SBM

hearing was held, the order directing Defendant to enroll in SBM will not take effect

until after Defendant is released from prison, when he will be in essentially the same

position as Mr. Grady. If he is subject to any sort of post-release supervision, his

privacy interests will be reduced during that supervision. But once he has served the

sentence and completed any post-release supervision, his privacy interests will be the

same as Mr. Grady’s. See Grady III, 372 N.C. at 531, 831 S.E.2d at 559-60 (“This is

especially true with respect to unsupervised individuals like defendant who, unlike

probationers and parolees, are not on the ‘continuum of possible [criminal]

punishments’ and have no ongoing relationship with the State.” (alteration in

original)). The primary factual difference between Mr. Grady and Defendant is that

Mr. Grady’s SBM was to begin immediately, id. at 520, 831 S.E.2d at 552, and

Defendant’s SBM will not begin until thirty to forty-three years in the future.

 In addition, this case is one of several considered by this Court after Grady III

addressing a similar issue for defendants sentenced for a crime and simultaneously,

or soon after sentencing, ordered to enroll in SBM either for a term of years or for life,

with the SBM to begin only after completion of the imprisonment. This Court has

 5
 STATE V. STRUDWICK

 Opinion of the Court

already addressed this issue, and we are bound to follow those precedents. E.g., State

v. Gordon, ___ N.C. App. ___, 840 S.E.2d 907 (2020).

 We are unable to distinguish the factual situation of this case, where

Defendant is not a recidivist and will not be released from prison for thirty to forty-

three years, from State v. Gordon, ___ N.C. App. ___, 840 S.E.2d 907,1 where the

defendant was not eligible to be released from prison for fifteen to twenty years. In

Gordon, the defendant pled guilty to “statutory rape, second-degree rape, taking

indecent liberties with a child, assault by strangulation, and first-degree kidnapping”

in February 2017. Id. at ___, 840 S.E.2d at 909. The trial court in Gordon determined

the defendant was convicted of an “‘aggravated offense’ under N.C. Gen. Stat. § 14-

208.6(1A)” and ordered him to enroll in SBM “for the remainder of his natural life

upon his release from prison.” Id. at ___ 840 S.E.2d at 909.

 In Gordon, this Court fully analyzed the effect of Grady III on its

reconsideration. Id. at ___, 840 S.E.2d at 912-14. Although the defendant in Gordon

and Defendant in this case were not convicted of the same offenses and there are

factual differences in their situations, none of those differences change the legal

analysis under Grady III. See Grady III, 372 N.C. at 522, 831 S.E.2d at 553. One of

1 As was the case in State v. Hutchens, we acknowledge, “that, following the Supreme Court’s orders
temporarily staying this Court’s decisions in both Griffin and Gordon, the precedential value of those
decisions is in limbo. While they are not controlling, neither have they been overturned. They are
instructive as the most recent published decisions of this Court addressing Grady III’s application
outside the recidivist context[.]” ___ N.C. App. ___, ___, ___ S.E.2d ___, ___ (16 June 2020) (No. COA
19-787).

 6
 STATE V. STRUDWICK

 Opinion of the Court

the factual differences is that defendant’s term of SBM will not begin for at least

thirty years, while Gordon’s could begin in only fifteen years. State v. Gordon, ___

N.C. App. at ____, 840 S.E.2d at 911. This difference only reduces the State’s ability

to “demonstrate reasonableness” of the SBM since it

 is hampered by a lack of knowledge concerning the
 unknown future circumstances relevant to that analysis.
 For instance, we are unable to consider “the extent to which
 the search intrudes upon reasonable privacy expectations”
 because the search will not occur until Defendant has
 served his active sentence. The State makes no attempt to
 report the level of intrusion as to the information revealed
 under the satellite-based monitoring program, nor has it
 established that the nature and extent of the monitoring
 that is currently administered, and upon which the present
 order is based, will remain unchanged by the time that
 Defendant is released from prison.

Id. at ____, 840 S.E.2d at 912–13 (citation omitted).

 In Gordon, prior to its remand by the North Carolina Supreme Court, the

concurring judge noted that

 this case is controlled by our recent decisions in State v.
 Griffin, ––– N.C. App. ––––, 818 S.E.2d 336, 2018 N.C.
 App. LEXIS 792 (2018), and State v. Grady, ––– N.C. App.
 ––––, 817 S.E.2d 18, 2018 N.C. App. LEXIS 460 (2018)
 (Grady II). Under this precedent, the State failed to meet
 its burden to justify satellite-based monitoring in this case.

261 N.C. App. 247, 261, 820 S.E.2d 339, 349 (2018), remanded for reconsideration,

372 N.C. 722, 839 S.E.2d 840 (2019). The concurring judge pointed out the problem

this presented:

 7
 STATE V. STRUDWICK

 Opinion of the Court

 the majority’s view [is] that the State must divine all the
 possible future events that might occur over the ten or
 twenty years that the offender sits in prison and then prove
 that satellite-based monitoring will be reasonable in every
 one of those alternate future realities. That is an
 impossible burden and one that the State will never satisfy.

Id. at 262, 820 S.E.2d at 350.

 As the quote, often attributed to Yogi Berra goes, “It’s tough to make

predictions, especially about the future.” Although courts must still address other

elements of the analysis of the reasonableness of SBM for a particular defendant, see

Grady III, 372 N.C. at 545, 831 S.E.2d at 569, the problem of the timing of the SBM

hearing could be eliminated by a simple procedural change. Our General Assembly

could remedy this “impossible burden” imposed upon the State by amending the

relevant statutes to direct that the hearing regarding a defendant’s eligibility for

SBM must be held close to the time of release from prison, particularly in cases where

the defendant will be imprisoned for many years. The SBM hearing could be held at

a time when all the relevant circumstances, such as the defendant’s condition,

situation, and the state of monitoring technology, are known. This change in

procedure would also allow our current district attorneys, defense attorneys, trial

judges, and appellate courts to work on addressing the urgent matters facing our

courts right now instead of attempting to predict the future for defendants who will

not even be able to be fitted with an SBM monitor for at least thirty years. But until

we receive further guidance from our Supreme Court or new options for addressing

 8
 STATE V. STRUDWICK

 Opinion of the Court

the SBM procedure from the General Assembly, under existing law, we are required

by law to reverse defendant’s SBM order. “Accordingly, we necessarily conclude that

the State has failed to meet its burden of establishing that lifetime satellite-based

monitoring following Defendant’s eventual release from prison is a reasonable search

in Defendant’s case. We therefore reverse the trial court’s order.” State v. Gordon,

___ N.C. App. at ___, 840 S.E.2d at 914.

 REVERSED.

 Judge ARROWOOD concurs.

 Judge TYSON dissents with separate opinion.

 9
 No. COA18-794-2 – State v. Strudwick

 TYSON, Judge, dissenting.

 The Supreme Court of the United States held North Carolina’s statutory

imposition of satellite-based monitoring (“SBM”) effects a search, but did not rule the

statute to be unconstitutional. Grady v. North Carolina, 575 U.S. 306, 310, 191 L. Ed.

2d 459, 462 (2015). The Fourth Amendment only prohibits “unreasonable searches

and seizures” and is not a blanket prohibition of state intrusions upon personal

privacy. U. S. Const. Amend IV; Terry v. Ohio, 392 U.S. 1, 9, 20 L.Ed.2d 889, 899

(1968) (citation omitted).

 The court’s order of SBM of a defendant is a constitutional search, if it is

reasonable, based upon the “totality of the circumstances[.]” Grady v. North Carolina,

575 U.S. at 310, 191 L. Ed. 2d at 462. In considering the “totality of the

circumstances,” a reviewing court is to consider, among other things, “the nature and

purpose of the search and the extent to which the search intrudes upon reasonable

expectations of privacy.” Id.

 I. State v. Grady

 In its most recent opinion reviewing North Carolina’s SBM program, our

Supreme Court held that the imposition of SBM was unconstitutional only as applied

to a distinct and specific class of former defendants. This holding solely applies to

convicted sexual offenders, who meet the statutory definition of a “recidivist,” and

who are no longer under any form of current or post-release supervision, parole, or

probation. State v. Grady, 372 N.C. 509, 545, 831 S.E.2d 542, 568-69 (2019) (‘‘Grady
 STATE V. STRUDWICK

 Tyson, J., dissenting

III’’) (limiting its holding to post-release “recidivists” as defined by N.C. Gen. Stat. §

14-208.6(2b) (2019), and expressly not applying it to offenders under “probation,

parole or post-release supervision.”).

 II. State v. Strudwick

 On 30 October 2019, the Supreme Court allowed the State’s petition for

discretionary review of the unanimous unpublished opinion in this case “remanding

to the Court of Appeals for further reconsideration in light of [that] Court’s decision”

in Grady III. Order, No. 334P19 (Oct. 30, 2019). In the previous opinion, this Court

held the trial court’s order was unreasonable as applied to Defendant and must be

reversed. State v. Strudwick, __ N.C. App. __, 830 S.E.2d 703, 2019 WL 3562352

(unpublished) (2019).

 In addition to this case, our Supreme Court has remanded to this Court at least

five reversals of SBM cases and ordered reconsideration in light of Grady III. See

State v. Anthony, __ N.C. App. __, 831 S.E.2d 905, remanded, 373 N.C. 249, 835 S.E.2d

448 (2019); State v. Tucker, __ N.C. App. __, 832 S.E.2d 258, remanded, 373 N.C. 251,

835 S.E2d 442 (2019); State v. White, 261 N.C. App. 310, 817 S.E.2d 795, 2018 WL

4200979 (2018) (unpublished), remanded, 372 N.C. 726, 839 S.E.2d 839 (2019); State

v. Griffin, 260 N.C. App. 629, 818 S.E.2d 336 (2018), remanded, 372 N.C. 723, 839

S.E.2d 841 (2019); State v. Gordon, 261 N.C. App. 247, 820 S.E.2d 339 (2018),

remanded, 372 N.C. 722, 839 S.E.2d 840 (2019).

 -2-
 STATE V. STRUDWICK

 Tyson, J., dissenting

 This Court’s analyses of the SBM statute and broad expansions of Grady III

are clearly in error. We all agree “courts must still address other elements of the

analysis of the reasonableness of SBM for a particular defendant.”

 In State v. Bursell, 372 N.C. 196, 200, 827 S.E.2d 302, 305 (2019), our Supreme

Court reversed the holding of this Court, asserting the defendant had preserved his

constitutional challenge to SBM, despite failing to specifically object before the trial

court to the imposition of SBM on constitutional grounds. By failing to clearly raise

the constitutional issue before the trial court, the defendant failed to satisfy Rule

10(a)(1) of the Rules of Appellate Procedure, which presents a “mandatory and not

directory” requirement for jurisdiction. Id. at 199, 827 S.E.2d at 304 (citation

omitted).

 The majority’s analysis correctly notes our Supreme Court held that the

“reasonableness” calculus is different when a defendant is subject to State

supervision. Grady III, 372 N.C. at 526, 831 S.E.2d at 556 (differentiating its holding

to cases where there is an “ongoing supervisory relationship between defendant and

the State”). For instance, in the Grady III Conclusion section, the Supreme Court

emphasized its holding does not enjoin all of the SBM program’s applications, in part,

“because this provision is still enforceable against a [sex offender] during the period

of his or her State supervision.” Id. at 546, 831 S.E.2d at 570 (emphasis supplied).

See State v. Hilton, __ N.C. App. __, __, 845 S.E.2d 81, 83 (2020) (holding “the

 -3-
 STATE V. STRUDWICK

 Tyson, J., dissenting

imposition of SBM on Defendant during the period of his post-release supervision

constitutes a reasonable search”).

 A primary factual difference between the defendant in Grady III and

Defendant here is Grady’s post-release SBM was to begin immediately, while

Defendant’s SBM will not begin, if at all, until years into the future. It is certain,

without other intervention, Defendant is and will remain in State custody and

supervision in some form, whether active or community-based, for at least 30 years.

 This Court cannot forecast nor substitute our judgment for the legislative

findings and determinations to compel aggravated offenders to be enrolled in SBM

while under the State’s supervision. The trial court determined Defendant was

convicted of an “‘aggravated offense’ under N.C. Gen. Stat. § 14-208.6(1A)” and,

consistent with the statute, ordered him to enroll in SBM “for the remainder of his

natural life.”

 This Court’s decisions cited by the majority’s opinion are neither controlling

nor compel a contrary result. The Supreme Court granted the State’s petitions and

entered orders staying this Court’s decisions in both State v. Griffin and State v.

Gordon, again based upon Grady III. Neither case provides any precedential or

binding authority on these facts before us. Grady III is the binding precedent.

 This Court cannot anticipated nor predict what may or may not occur well into

the future, and a prediction or hunch alone is not a legitimate basis to overturn the

 -4-
 STATE V. STRUDWICK

 Tyson, J., dissenting

trial court’s statutorily required and lawful imposition of SBM over a defendant still

in custody or under state supervision on constitutional grounds. “In challenging the

constitutionality of a statute, the burden of proof is on the challenger, and the statute

must be upheld unless its unconstitutionality clearly, positively, and unmistakably

appears beyond a reasonable doubt or it cannot be upheld on any reasonable ground.

When examining the constitutional propriety of legislation, [w]e presume that the

statutes are constitutional, and resolve all doubts in favor of their constitutionality.”

State v. Mello, 200 N.C. App. 561, 564, 684 S.E.2d 477, 479 (2009) (citations omitted),

aff’d per curiam, 364 N.C. 421, 700 S.E.2d 224 (2010).

 Defendant will continue under the State’s supervision during his minimum 30

years to maximum 40 years of some form of state supervised incarceration or

restraint. If allowed humanitarian or conditional release outside of the State’s prison

system, Grady III does not prohibit as unreasonable Defendant’s whereabouts being

subject to monitoring. The alternative to SBM is for Defendant to return to prison,

where his whereabouts are known and monitored 24 hours a day/7 days a week.

 If the State’s classification of a crime and imposition of an active sentence is

constitutional, which it is, then any lesser restraint upon a defendant, while still

under the State’s supervision, is also constitutional. If Defendant’s status becomes

solely as a “recidivist” as defined by N.C. Gen. Stat. § 14-208.6(2b), Grady III controls

Defendant’s SBM status at that time.

 -5-
 STATE V. STRUDWICK

 Tyson, J., dissenting

 III. Conclusion

 Under the unrebutted presumption of constitutionality and “totality of the

circumstances,” Defendant’s conviction of an aggravated sexual offense supports “the

nature and purpose of the search” to justify the State’s supervision and search. Grady

v. North Carolina, 575 U.S. at 310, 191 L. Ed. 2d at 462. Defendant’s lowered

expectation of privacy, while remaining under supervision, supports “the extent to

which the search intrudes upon reasonable expectations of privacy” to impose SBM.

Id.

 The trial court’s findings of fact and conclusions support the efficacy and

legality of imposing SBM at this time “as applied to this particular defendant.” State

v. Grady, 259 N.C. App. 664, 674, 817 S.E.2d 18, 26 (2018), aff’d as modified, Grady

III, 372 N.C. 509, 831 S.E.2d 542. Our Supreme Court’s express limitation provides

“our holding enjoins application only to unsupervised individuals.” Grady III, 372

N.C. at 550, 831 S.E.2d at 572 (emphasis supplied).

 Defendant was convicted of an aggravated sexual offense, as was determined

by the General Assembly, and as defined in N.C. Gen. Stat. § 14-208.6(1a). A trial

court has no discretion whether to order lifetime SBM enrollment. N.C. Gen. Stat. §

14-208.40B(c) (2019). Unlike here, the defendant in Grady III was not serving an

active sentence of incarceration nor remained under State supervision post release.

Grady was a prior offender whose, “rights of citizenship which were forfeited on

 -6-
 STATE V. STRUDWICK

 Tyson, J., dissenting

conviction . . . [we]re by law automatically restored to him” when he was enrolled as

a recidivist. Grady, 259 N.C. App. at 670, 817 S.E.2d at 24 (citation omitted). The

trial court’s ruling is presumed to be constitutional and was certainly reasonable, and

is consistent with the exclusions our Supreme Court stated in Grady III. Grady III,

372 N.C. at 522, 831 S.E.2d at 553.

 Defendant remains under active State incarceration and supervision. Upon

remand to apply the facts from Grady III to those here, Defendant has failed to carry

his burden to show the imposition of SBM is unconstitutional as applied to him. The

constitutionality of the statute is presumed and the holding in Grady III does not

prohibit the SBM. The trial court’s judgment is properly affirmed. Mello, 200 N.C.

App. at 564, 684 S.E.2d at 479. I respectfully dissent.

 -7-