STATE OF NORTH CAROLINA v. ROBERT LEE BENNOR

No. 6920SC425

(Filed 17 September 1969)

**Automobiles § 116;   Constitutional Law § 13— speeding statute — trucks — police powers — public safety**

The statute, G.S. 20-141, restricting the operator of a two-and-one-half ton truck to a maximum speed limit of 45 mph on the public highway while permitting passenger cars and pick-up trucks of less than one-ton capacity to operate at a maximum speed of 55 mph *is held* constitutional, since the difference in speed based upon weight and size of motor vehicles bears a real and substantial relationship to the public safety.

APPEAL by defendant from *Exum, J.*, 28 April 1969 Session, MOORE County Superior Court.

The defendant was charged and convicted of operating a truck weighing 2½ tons on North Carolina Highway No. 27 at a speed of 55 miles per hour in violation of G.S. 20-141. This occurred at approximately 11:05 a.m. on 7 February 1969 at a point some six miles west of Carthage, North Carolina. At this location the maximum speed limit for trucks of the type being driven by the defendant was 45 miles per hour.

The defendant testified that he was driving approximately 55 miles per hour. He stated that

"* * * I usually stay right around 55 and I was traveling approximately 55 miles per hour at this time. I was aware that the speed limit for trucks was 45 miles per hour and I entered my plea of not guilty to this charge 'for the simple fact that traffic moving slower than other traffic around is endangering himself and the life of other people behind him and traffic approaching, cars passing, and everything. As long as traffic moves together, you will not have the places where accidents will occur of passing, and I usually run with the traffic. * * * *' "

From a jury verdict of guilty and imposition of sentence, defendant appealed.

*Attorney General Robert Morgan by Assistant Attorney General William W. Melvin and Staff Attorney T. Buie Costen for the State.*

*Seawell, Van Camp & Morgan by William J. Morgan for defendant-appellant.*

CAMPBELL, J.

The defendant presents only one question for determination in this case. Is G.S. 20-141, the statute which pertains to speed restrictions in the operation of motor vehicles upon the public highways, unconstitutional, in that trucks weighing 2½ tons are restricted to a maximum speed limit of 45 miles per hour on a public highway such as the one on which the defendant was operating on this occasion whereas "passenger cars, regular passenger carrying vehicles, and pick-up trucks of less than one-ton capacity" are permitted to operate at a maximum speed of 55 miles per hour?

The defendant cites no authority to support his position and simply asserts "[t]he engineering and mechanical achievements of

recent years are well known and a statute written over twenty (20) years ago is not necessarily relevant to today's improved highways and vehicles. * * * The conditions today do not call for such limitations since trucks are normally engineered and produced as well as passenger vehicles and criteria other than weight alone is necessary to so distinguish the proper speed limits."

There is no merit in the contentions made by the defendant. The motor vehicle speed statute G.S. 20-141 has been scrutinized and studied by the Legislature at every session of that body and has been amended, changed and altered constantly in keeping with changes in highway construction and public safety. This statute was "enacted for the protection of persons and property and in the interest of public safety, and the preservation of human life." *State v. Norris,* 242 N.C. 47, 86 S.E. 2d 916.

"* * * The reasonableness of a statutory speed regulation is ordinarily regarded as a question for the legislative branch of the government. * * *" 60 C.J.S., Motor Vehicles, § 29(1)a, p. 226.

"Furthermore there is a presumption that any Act passed by the Legislature is constitutional and all reasonable doubts will be resolved in favor of the lawful exercise of their powers by the representatives of the people." *State v. Anderson,* 3 N.C. App. 124, 164 S.E. 2d 48. Affirmed, 275 N.C. 168, 166 S.E. 2d 49.

We think and hold that a difference in speed based upon weight and size of motor vehicles " 'bears a real and substantial relationship to the public health, safety, morals or some other phase of the public welfare.' " *State v. Anderson,* 275 N.C. 168, 166 S.E. 2d 49.

Affirmed.

PARKER and GRAHAM, JJ., concur.