STATE OF NORTH CAROLINA v. WELDON R. CRABTREE

No. 7414SC699

(Filed 6 November 1974)

**Automobiles § 117— failure to reduce speed — definiteness of statute**
  Provisions of G.S. 20-141(c) requiring a motorist to reduce speed in certain situations even though he is traveling within the posted limits is not so vague and indefinite as to be constitutionally invalid.

APPEAL by defendant from *Chess, Special Judge,* 2 May 1974 Session of Superior Court held in DURHAM County. Heard in the Court of Appeals 24 September 1974.

This is a criminal action in which the defendant was charged with unlawfully and wilfully operating a motor vehicle on a public street or highway without decreasing speed to avoid colliding with another vehicle in violation of G.S. 20-141(c). From a jury verdict of guilty and a judgment ordering the payment of court costs, the defendant appealed.

The State's evidence tended to show that on 13 January 1974, at or about 2:30 p.m., George E. Jenkins was driving his Fiat automobile in a northerly direction on Roxboro Road, U.S. 501, towards Bahama; that he had stopped his automobile for a traffic light at the intersection of Roxboro Road and Latta Road; that when the light changed, he began proceeding through the intersection but as he was going from second gear to third gear he was struck in the right rear by defendant's automobile; that the impact caused the seats in Jenkins's automobile to come loose from the floor and the automobile travelled some distance from the point of the collision before it came to a stop.

Further evidence was offered by the State tending to show that this was a 55 mile-per-hour speed zone and that for a distance of three to five hundred yards from the intersection, and beyond the intersection up to the point where the accident occurred, the view was clear and unobstructed.

The defendant's evidence tended to show that he was operating his automobile at approximately 40 miles per hour at the time of the accident; that as he approached the intersection he observed the Jenkins automobile but that he saw the light was green and thought the Jenkins automobile was moving since neither signal nor brake lights were on; that as he got about ten car lengths from the Jenkins automobile he realized it was not moving and tried to change lanes but because there was another automobile already in the other lane, he was unable to avoid striking the Jenkins automobile in the rear. Other evidence of the defendant tended to show that he stopped his automobile within eight to ten feet from the point of the collision and that the Jenkins automobile also traveled about ten feet after the impact but then "it took off" for some distance, leading defendant to believe plaintiff was driving off.

Additional facts necessary for decision are set forth in the opinion.

*Attorney General Carson, by Assistant Attorney General Boylan, for the State.*

*Blackwell M. Brogden for defendant appellant.*

MORRIS, Judge.

Defendant's first assignment of error relates to the overruling of his motions to quash the warrant and the denial of

State v. Crabtree

his motion in arrest of judgment. It is defendant's contention that G.S. 20-141(c) forbids or requires conduct in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application. He maintains that the statute is too indefinite to be constitutionally valid because it does not charge a criminal offense as provided by law, and does not set out any standard from which one can determine whether one is violating the law. We disagree.

G.S. 20-141(c) reads as follows:

"The fact that the speed of a vehicle is lower than the foregoing limits shall not relieve the driver from the duty to decrease speed when approaching and crossing an intersection, when approaching and going around a curve, when approaching a hill crest, when traveling upon any narrow or winding roadway, or when special hazard exists with respect to pedestrians or other traffic or by reason of weather or highway conditions, and speed shall be decreased as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the highway, and to avoid causing injury to any person or property either on or off the highway, in compliance with legal requirements and the duty of all persons to use due care."

After carefully reviewing the language of this statute we are of the opinion, and so hold, that G.S. 20-141(c) is not so vague and indefinite as to be constitutionally infirm. When measured by the specificity of other traffic safety statutes which have been upheld by the appellate courts of this State, G.S. 20-141(c) does not fail the test. G.S. 20-140, our reckless driving statute, for example, has been considered on appeal on many occasions. E.g., *State v. Colson,* 262 N.C. 506, 138 S.E. 2d 121 (1964) ; *State v. Dupree,* 264 N.C. 463, 142 S.E. 2d 5 (1965) ; *State v. Weston,* 273 N.C. 275, 159 S.E. 2d 883 (1968). In pertinent part, that statute provides:

"(a) Any person who drives any vehicle upon a highway carelessly and heedlessly in wilful or wanton disregard of the rights or safety of others shall be guilty of reckless driving.

(b) Any person who drives any vehicle upon a highway without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property shall be guilty of reckless driving."

We conclude that the standards of G.S. 20-140(b) which merely require an absence of "due caution and circumspection" and vehicle operation "at a speed or in a manner so as to endanger any person or property" are even less definite than G.S. 20-141 and yet we are of the opinion that such standards are necessary in both statutes to insure needed flexibility. To require the penal traffic draftsman to design a statute with a fixed criminal standard to cover all possible contingencies would place on him an insurmountable burden. For these reasons, and in light of *State v. Bennor*, 6 N.C. App. 188, 169 S.E. 2d 393 (1969), which upheld G.S. 20-141 as constitutional, although involving a different subsection of the statute, defendant's first assignment of error is overruled.

Defendant next contends that the trial court committed error in the charge to such an extent that the language used failed to apply the law to the facts of the case as required by G.S. 1-180. We find his argument unpersuasive. The trial judge's charge was free from prejudicial error.

No error.

Judges HEDRICK and BALEY concur.