STATE OF NORTH CAROLINA v. CHESTER DON WORTHINGTON

No. 878SC615

(Filed 1 March 1988)

**Automobiles and Other Vehicles § 117— failure to decrease speed to avoid accident —not unconstitutionally vague**

N.C.G.S. § 20-141(m) is not unconstitutionally vague and does not impose liability except in cases where a reasonable and ordinarily prudent person could and would have decreased his speed to avoid a collision.

APPEAL by the State from *Strickland, Judge.* Order entered 31 March 1987 in Superior Court, LENOIR County. Heard in the Court of Appeals 9 December 1987.

By criminal citation issued 12 November 1985, defendant was charged, pursuant to G.S. 20-141.4(a2), with misdemeanor death by vehicle. The basis of the charge was an alleged violation of G.S. 20-141(m). Defendant was convicted in district court and appealed to superior court for trial *de novo.* In superior court defendant moved to dismiss the charge on the grounds that G.S. 20-141(m) was unconstitutionally vague. The court granted the motion, holding that the statute failed to delineate a definite and ascertainable standard of what conduct was prohibited. The State appeals.

*Attorney General Thornburg, by Special Deputy Attorney General Isaac T. Avery, III, for the State.*

*Underwood & Leech, by David A. Leech, and Ward and Smith, by Robert D. Rouse, Jr., for the defendant-appellee.*

EAGLES, Judge.

Principles of "due process" require courts to declare a criminal statute unconstitutionally vague if the statute fails to clearly define what is prohibited. *Grayned v. City of Rockford*, 408 U.S. 104, 33 L.Ed. 2d 222, 92 S.Ct. 2294 (1972); *State v. Evans*, 73 N.C. App. 214, 326 S.E. 2d 303 (1985). A statute is "void for vagueness" if it forbids or requires doing an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application. *Coates v. Cincinnati*, 402 U.S. 611, 29 L.Ed. 2d 214, 91 S.Ct. 1686 (1971); *In re Burrus*, 275 N.C. 517, 169 S.E. 2d 879 (1969), *affirmed* 403 U.S. 528, 29 L.Ed. 2d 647, 91 S.Ct. 1976 (1971). Only a reasonable degree of certainty is necessary, mathematical precision is not required. *Grayned v. City of Rockford, supra; State v. Martin*, 7 N.C. App. 532, 173 S.E. 2d 47 (1970).

G.S. 20-141.4(a2) makes it a misdemeanor to unintentionally cause the death of another person "while engaged in the violation of any State law or local ordinance applying to the operation or use of a vehicle or to the regulation of traffic, other than impaired driving under G.S. 20-138.1, and commission of that violation is the proximate cause of the death." G.S. 20-141.4(a2). The basis of the charge against defendant is an alleged violation of G.S. 20-141(m). G.S. 20-141 is entitled "Speed Restrictions." It authorizes the Department of Transportation and local authorities to establish appropriate speed limits, sets a specific, maximum speed limit; and, under subsection (a), provides that "[n]o person shall drive a vehicle on a highway or in a public vehicular area at a speed greater than is reasonable and prudent under the conditions then existing." G.S. 20-141(a). Subsection (m) provides:

> [t]he fact that the speed of a vehicle is lower than the foregoing limits shall not relieve the operator of a vehicle from the duty to decrease speed as may be necessary to avoid colliding with any person, vehicle or other conveyance on or entering the highway, and to avoid injury to any person or property.

G.S. 20-141(m). We agree with the State that the trial court erred in declaring G.S. 20-141(m) unconstitutionally vague.

In *State v. Crabtree*, 23 N.C. App. 491, 209 S.E. 2d 299 (1974), *reversed on other grounds*, 286 N.C. 541, 212 S.E. 2d 103 (1975), this Court rejected a vagueness challenge to the statutory predecessor of G.S. 20-141(m), G.S. 20-141(c), which read as follows:

> [t]he fact that the speed of a vehicle is lower than the forego-ing limits shall not relieve the driver from the duty to decrease speed when approaching and crossing an intersec-tion, when approaching and going around a curve, when ap-proaching a hill crest, when traveling upon any narrow or winding roadway, or when special hazard exists with respect to pedestrians or other traffic or by reason of weather or highway conditions, and *speed shall be decreased as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the highway, and to avoid causing injury to any person or property either on or off the highway,* in compliance with legal requirements and the duty of all persons to use due care. [Emphasis added.] 1947 Sess. Laws, c. 1067, s. 17, as amended, 1955 Sess. Laws, c. 1042, s. 1.

In *Crabtree*, the Court, citing cases upholding the constitutionali-ty of the reckless driving statute, held that the statute was not unconstitutionally vague. The Court noted the difficulty which the Legislature would face if it were required to draft traffic safety statutes with a fixed criminal standard, covering all contingen-cies. *See also Smith v. Goguen*, 415 U.S. 566, 39 L.Ed. 2d 605, 94 S.Ct. 1242 (1974) (vagueness doctrine demands greater degree of specificity in certain contexts, and regulation of some areas of conduct are not susceptible to precise standards).

Defendant contends that *Crabtree* is distinguishable because the statute addressed there listed specific driving situations to which it applied. That difference is not critical. First, the specific situations contained in former G.S. 20-141(c) are virtually all-inclusive. Second, defendant's argument is addressed to the statute's breadth, not its vagueness. Defendant does not argue that the General Assembly may not constitutionally punish a fail-ure to reduce speed in circumstances other than those listed in former G.S. 20-141(c). The standard by which persons are ad-judged liable is the same under both statutes: a motorist must reduce speed "as may be necessary to avoid" a collision. This

Court's decision in *Crabtree* is directly on point. Accordingly, we hold that G.S. 20-141(m) is not unconstitutionally vague.

Defendant also argues that G.S. 20-141(m) is unconstitutionally vague under *State v. Graham*, 32 N.C. App. 601, 233 S.E. 2d 615 (1977). In *Graham*, the Court stated that:

> where the legislature declares an offense in language so general and indefinite that it may embrace not only acts commonly recognized as reprehensible but also others which it is unreasonable to presume were intended to be made criminal . . . [s]uch a statute is too vague, and it fails to comply with constitutional due process standards of certainty.

*Id.* at 607, 233 S.E. 2d at 620. *See also State v. Martin, supra* (statute making it unlawful to "snag" fish unconstitutionally vague because literal application of statute includes many cases of lawful conduct). Defendant argues that a literal application of G.S. 20-141(m) subjects a motorist to prosecution in almost any collision in which he is involved, whether or not he is at fault. Because the legislature obviously did not intend that result, defendant contends, the statute is unconstitutionally vague under the rule enunciated in *State v. Graham, supra*. Indeed, unlike the statute in its present form, former G.S. 20-141(c) contained language making it clear that a motorist had a duty to reduce speed to avoid a collision only when an ordinarily prudent person would have done so. 1947 Sess. Laws, c. 1067, s. 17; *see also Henderson v. Locklear*, 260 N.C. 582, 133 S.E. 2d 164 (1963) (applying the statute to a negligence action).

Defendant's literal interpretation of G.S. 20-141(m), however, is erroneous. It is a cardinal principle of statutory construction that, where possible, courts will construe statutes to avoid serious doubts about their constitutionality. *Delconte v. State*, 313 N.C. 384, 329 S.E. 2d 636 (1985); *see also Hobbs v. Moore County*, 267 N.C. 665, 149 S.E. 2d 1 (1966) (where two reasonable constructions are possible, the one that renders the statute constitutional will be adopted). Moreover, we must presume the Legislature acted with reason and did not intend to achieve an absurd or unjust result. *See Comr. of Insurance v. Rate Bureau*, 300 N.C. 381, 269 S.E. 2d 547 (1980). Therefore, where a literal interpretation would lead to such a result and contravene the statute's manifest purpose, the strict letter of the statute should be disre-

garded. *In re Hardy*, 294 N.C. 90, 240 S.E. 2d 367 (1978). Even more specifically here, sections and subsections must be construed as a whole and in a manner which gives effect to the reason and purpose of the statute. *Jolly v. Wright*, 300 N.C. 83, 265 S.E. 2d 135 (1980); *In re Forestry Foundation*, 35 N.C. App. 414, 242 S.E. 2d 492 (1978), *affirmed*, 296 N.C. 330, 250 S.E. 2d 236 (1979). Additionally, statutes imposing criminal liability must be strictly construed so that the scope of the statute may not be extended by implication to include offenses not clearly made illegal. *State v. Spencer*, 276 N.C. 535, 173 S.E. 2d 765 (1970).

Applying those rules, we construe G.S. 20-141(m) to impose liability on a motorist only when his failure to reduce speed to avoid a collision is not in keeping with the duty to use due care under the circumstances. The obvious purpose of G.S. 20-141 is to authorize specific speed limits and to establish a duty for all motorists to use due care in maintaining the speed of their vehicle. *See State v. Bennor*, 6 N.C. App. 188, 169 S.E. 2d 393 (1969). We have held that subsection (m) establishes that, "driving below the speed limit is not a defense to a charge of driving at a speed greater than is reasonable and prudent under existing conditions, and that regardless of the posted speed limit motorists have a duty to decrease speed if necessary to avoid a collision." *State v. Stroud*, 78 N.C. App. 599, 602-603, 337 S.E. 2d 873, 875-876 (1985). G.S. 20-141(m) must be construed consistent with G.S. 20-141(a)'s requirement that no person shall drive at a speed greater than is reasonable and prudent under the circumstances. G.S. 20-141(m) does not impose liability except in cases where a reasonable and ordinarily prudent person could, and would have, decreased his speed to avoid a collision. Interpreting the statute otherwise is contrary to well-established rules of statutory construction and achieves strained, unreasonable and wholly unintended results.

Reversed and remanded.

Judges BECTON and COZORT concur.