J.M. DEVELOPMENT GROUP v. DARRELL GLOVER AND ROSINA GLOVER

No. COA01-948

(Filed 16 July 2002)

**Civil Procedure— failure to include requested findings of fact and conclusions of law in order—out-of-state-judgment**

Although a defendant contends the trial court erred by its enforcement of an out-of-state judgment for past due rent, this issue is not reached and the case is remanded for appropriate findings because the trial court's order does not contain requested findings of facts and conclusions of law as required by N.C.G.S. § 1A-1, Rules 52(a)(1) and (a)(2).

Appeal by defendant Rosina Glover from judgment entered 12 January 2001 by Judge Orlando F. Hudson in Durham County Superior Court. Heard in the Court of Appeals 25 April 2002.

*Haywood, Denny & Miller, LLP, by Robert E. Levin, for plaintiff-appellee.*

*North Central Legal Assistance Program, by John W. Van Alst, for defendant-appellant.*

**J.M. DEV. GRP. v. GLOVER**

[151 N.C. App. 584 (2002)]

THOMAS, Judge.

Defendant Rosina Glover appeals the trial court's enforcement of an out-of-state judgment. However, because the trial court's order does not contain requested findings of facts and conclusions of law, we do not reach that ultimate issue.

The evidence tends to show that defendant and her husband, defendant Darrell Glover, lived together with their six children in New Jersey. In 1995, Darrell abandoned his wife and children and moved into an apartment in New York with a female co-worker named Terry. In 1998, Rosina's home in New Jersey became uninhabitable due to a fire and she moved with her children to North Carolina.

In September 1998, Rosina was served with a notice for entry of a $13,965.35 New York judgment against her for rent owed on an apartment in Brooklyn, New York. Rosina claims the apartment was leased by Darrell and Terry, not her. The lease application, in fact, is in the name of Darrell and Terry Glover. Terry wrote on the application that her occupation was with the New York Department of Corrections. No children were listed as occupants.

Rosina has never been employed with the New York Department of Corrections, has never used the name "Terry," and since their birth, has never resided anywhere without her children.

Darrell and Terry were in arrears in their rent payments from March 1995 to March 1997. Being unable to locate the pair, plaintiff, J.M. Development Group, employed a private investigator. The investigator determined that Darrell was living in the New Jersey home that was damaged by fire. The investigator indicated that Rosina Glover lived at the same address. Based on the investigator's information, plaintiff sued Darrell and Rosina instead of Darrell and Terry for the past due rent.

Service of the original New York complaint was obtained upon Rosina by leaving a copy of the summons and complaint with her sister, Lola Kirkland, in Durham County, North Carolina. Although Rosina and her children were staying there at the time, Kirkland never informed Rosina of the notice. Thus, Rosina did not respond to the lawsuit and never appeared in the New York action.

A default judgment was obtained solely against Rosina Glover. Terry Glover is not mentioned in the judgment.

**J.M. DEV. GRP. v. GLOVER**

[151 N.C. App. 584 (2002)]

When Rosina received notice of the judgment, she filed a notice of defense, claiming: (1) she was not personally served in New York; (2) she never appeared in the proceedings; (3) she never agreed to submit to New York's jurisdiction; (4) she was never domiciled in New York; (5) the proceedings do not arise out of her operation of a motor vehicle or airplane in New York; and (6) the New York judgment was based upon Darrell Glover's fraud. In an attached affidavit, Rosina stated: (a) Darrell abandoned her and their children; (b) she has not lived with Darrell since 1995; (c) she has had no contact with Darrell since 1998; (d) she has never lived at 189 Jefferson Avenue in Brooklyn, New York; and (e) she never entered into any lease agreement regarding 189 Jefferson Avenue in Brooklyn, New York.

On 20 November 2000, plaintiff filed a motion to enforce the New York judgment pursuant to N.C. Gen. Stat. § 1C-1705(b). The trial court granted the motion. Rosina Glover appeals.

Defendant argues the trial court erred in failing to make specific findings of fact and conclusions of law pursuant to Rules 52(a)(1) and 52(a)(2) of the North Carolina Rules of Civil Procedure. We agree.

The trial judge is not required to make specific findings of facts and conclusions of law absent a request to do so by the parties. *Allen v. Wachovia Bank & Trust Co.*, 35 N.C. App. 267, 241 S.E.2d 123 (1978). A request is untimely if made after the entry of a trial court's order. *Nobles v. First Carolina Communications, Inc.*, 108 N.C. App. 127, 423 S.E.2d 312 (1992), *rev. denied*, 333 N.C. 463, 427 S.E.2d 623 (1993). A "judgment is entered when it is reduced to writing, signed by the judge, and filed with the clerk of court." N.C. R. Civ. P. 58.

In the instant case, the trial court denied defendant's request because it was "untimely." The trial court's order was announced in open court and signed on 10 January 2001. The defense made a request for findings of fact on the next day. The order was not filed with the clerk of court until 12 January 2001. Thus, the request was timely and the trial court should have granted defendant's request. Accordingly, we reverse and remand this issue to the trial court for appropriate findings and do not reach defendant's remaining assignments of error.

REVERSED AND REMANDED.

Judges MARTIN and TYSON concur.