IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-75

Filed 3 September 2024

Pender County, No. 23 CVS 34

WILLIAM WAYNE REYNOLDS, Plaintiff,

v.

ALLEN COLE BURKS, M.D., Individually, and SOHINI GHOSH, M.D., Individually, Defendants.

Appeal by Defendants from Orders entered 13 September 2023 and 11 October 2023 by Judge Tiffany Powers in Pender County Superior Court. Heard in the Court of Appeals 12 June 2024.

*Edwards Kirby, LLP, by Mary Kathryn Kurth and David F. Kirby, for Plaintiff-Appellee.*

*Gordon Rees Scully Mansukhani, LLP, by Samuel G. Thompson, Jr., for Defendant-Appellants.*

HAMPSON, Judge.

**Factual and Procedural Background**

Allen Cole Burks, M.D. (Dr. Burks) and Sohini Ghosh, M.D. (Dr. Ghosh) (collectively, Defendants) appeal from an Order denying their respective Motions to Change Venue pursuant to N.C. Gen. Stat. § 1-77 and 1-83 and a subsequent Order denying their request for findings of fact. The Record before us tends to reflect the following:

On 12 January 2023, William Wayne Reynolds (Plaintiff)—a resident of Pender County—filed a Complaint in Pender County Superior Court against Defendants. The Complaint alleged medical negligence on the part of Defendants for treatment Plaintiff received while admitted at the University of North Carolina Medical Center in Chapel Hill, North Carolina.

With respect to Dr. Ghosh, Plaintiff's Complaint alleged upon information and belief, at all times relevant to Plaintiff's action, Dr. Ghosh:

A. was a third-year pulmonology fellow at UNC Hospitals;

B. was a fellow in interventional pulmonology at the School of Medicine of the University of North Carolina;

C. was acting as an employee, agent and/or apparent agent of the School of Medicine of the University of North Carolina; and

D. was acting as an employee, agent and/or apparent agent of UNC Hospitals.

Similarly, with respect to Dr. Burks, Plaintiff alleged upon information and belief, at all times relevant to Plaintiff's action, Dr. Burks:

A. was an attending physician at UNC Hospitals;

B. was acting as an employee, agent and/or apparent agent of the School of Medicine of the University of North Carolina; and

C. was acting as an employee, agent and/or apparent agent of UNC Hospitals.

On 5 April 2023, Defendants each filed an Answer to the Complaint. In their Answers, with respect to Dr. Ghosh, each Defendant:

    A. denied she was a third-year pulmonology fellow at UNC Hospitals;

    B. denied she was a fellow in interventional pulmonology at the School of Medicine of the University of North Carolina;

    C. objected and moved to strike the allegation Dr. Ghosh was acting as an employee, agent and/or apparent agent of the School of Medicine of the University of North Carolina or in the alternative alleged lack of knowledge or information sufficient to form a belief as to the truth of the allegation; and

    D. objected and moved to strike the allegation Dr. Ghosh was acting as an employee, agent and/or apparent agent of UNC Hospitals or in the alternative alleged lack of knowledge or information sufficient to form a belief as to the truth of the allegation.

With respect to Dr. Burks, each Defendant:

    A. denied he was an attending physician at UNC Hospitals;

    B. objected and moved to strike the allegation Dr. Burks was acting as an employee, agent and/or apparent agent of the School of Medicine of the University of North Carolina or in the alternative alleged lack of knowledge or information sufficient to form a belief as to the truth of the allegations; and

    C. objected and moved to strike the allegation Dr. Burks was acting as an employee, agent and/or apparent agent of UNC Hospitals or in the alternative alleged lack of knowledge or information sufficient to form a belief as to the truth of the allegation.

In their Answers, both Defendants also moved to change venue to Orange County Superior Court under N.C. Gen. Stat. § 1-77 on the basis that this was the county the care occurred and where UNC Hospital—a state-created hospital—and the School of Medicine are located. Alternatively, both Defendants moved for a

change of venue under N.C. Gen. Stat. § 1-83 based on convenience of the witnesses.

Defendants' Motions to Change Venue were heard by the trial court on 5 September 2023. At the hearing, Plaintiff and Defendants each presented arguments of counsel. Defendants contended they were entitled to a change of venue under Section 1-77, which provides a case "must be tried in the county where the cause, or some part thereof, arose, subject to the power of the court to change the place of trial" where the action is "[a]gainst a public officer or person especially appointed to execute his duties, for an act done by him by virtue of his office[.]" N.C. Gen. Stat. § 1-77 (2023). Defendants contended they were employees of UNC Hospitals—and thus covered by the statute—and the action arose from the medical care they provided in Orange County. Defendants, however, presented no evidence or affidavits to support their position, instead relying on trial court orders entered in other cases.

Later in the day on 5 September 2023, the trial court issued its rendered ruling via email. The trial court informed the parties it was "denying the Motion[s] to Change Venue." The trial court expressly indicated "I am not making a finding that the Doctors are not covered under NCGS 1-77, but I am denying the Motion[s] on both grounds."

On 13 September 2023, the trial court entered its Order Denying Defendants' Motions to Change Venue. The Order determined: "The Court makes no finding that Dr. Burks or Dr. Ghosh are not covered under N.C. Gen. Stat. [§] 1-77, but based upon what was presented to the Court, the motions to change venue pursuant to N.C. Gen.

Stat. §§ 1-77 and 1-83 are both denied." The trial court ordered the matter to proceed in Pender County.

On 25 September 2023, Defendants filed a "Motion to be Heard on Findings Made by the Court Following Defendants' Motion to Transfer Venue and Alternative Motion for Reconsideration of the Court's Denial of Defendants' Request for an Opportunity to be Heard on Findings Made by the Court Following Defendants' Motion to Transfer Venue." On 11 October 2023, the trial court entered an Order denying Defendants' request for further hearing or reconsideration.

The same day—11 October 2023—Defendants filed Notice of Appeal from the trial court's Order Denying Defendants' Motions to Change Venue. The following day—12 October 2023—Defendants filed Notice of Appeal from the trial court's Order denying their Motion for further hearing or reconsideration.

## **Appellate Jurisdiction**

The trial court's Orders in this case are interlocutory orders. "An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Veazey v. City of Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950) (citation omitted). "Generally, there is no right of immediate appeal from interlocutory orders and judgments." *Goldston v. Am. Motors Corp.*, 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990). However, an appeal is permitted "if the trial court's decision deprives the appellant of a substantial right which would be lost absent

immediate review." *Harris & Hilton, P.A. v. Rassette*, 252 N.C. App. 280, 282, 798 S.E.2d 154, 156 (2017) (quoting *N.C. Dep't of Transp. v. Page*, 119 N.C. App. 730, 734, 460 S.E.2d 332, 334 (1995)).

This Court has previously held "[t]he denial of a motion for change of venue, though interlocutory, affects a substantial right and is immediately appealable where the county designated in the complaint is not proper." *Caldwell v. Smith*, 203 N.C. App. 725, 727, 692 S.E.2d 483, 484 (2010) (citations omitted). *See also Hawley v. Hobgood*, 174 N.C. App. 606, 608, 622 S.E.2d 117, 119 (2005) ("Motions for change of venue because the county designated is not proper affect a substantial right and are immediately appealable." (citations omitted)); *Odom v. Clark*, 192 N.C. App. 190, 195, 668 S.E.2d 33, 36 (2008) ("[B]ecause the grant or denial of venue established by statute is deemed a substantial right, it is immediately appealable." (citation omitted)).

This Court has previously held an interlocutory order denying a motion to change venue brought under N.C. Gen. Stat. § 1-77 is immediately appealable. Here, Defendants center their argument on the trial court's denial of their Motions under Section 1-77.[1] To the extent the trial court denied Defendants' Motions under this

---

[1] Defendants assert they are reserving their right to appeal from the denial of their Motions to Change Venue based on convenience of the witnesses for appeal from a final judgment.

statute, Defendants have a right to an immediate appeal.[2]

## Issues

The issues on appeal are whether the trial court: (I) erred by denying Defendants' Motions to Change Venue based on the record before it; and (II) abused its discretion by denying reconsideration of its decision.

## Analysis

I.     Change of Venue

N.C. Gen. Stat. § 1-83 governs changes of venue in civil actions. Relevant to Defendants' appeal, it provides:

> If the county designated for that purpose in the summons and complaint is not the proper one, the action may, however, be tried therein, unless the defendant, before the time of answering expires, demands in writing that the trial be conducted in the proper county, and the place of trial is thereupon changed by consent of the parties or by order of the court.
>
> The court may change the place of trial in the following cases:
>
> (1) When the county designated for that purpose is not the proper one.

N.C. Gen. Stat. § 1-83(1) (2023).

"Despite the use of the word 'may,' it is well established that 'the trial court has no discretion in ordering a change of venue if demand is properly made and it

---

[2] Defendants have also filed a Petition for Writ of Certiorari requesting this Court grant review. We dismiss the Petition for Writ of Certiorari as moot. Defendants' Motion for Leave to File a Reply in connection to Plaintiff's Response to their Petition is dismissed.

appears that the action has been brought in the wrong county.' " *Stern v. Cinoman*, 221 N.C. App. 231, 232, 728 S.E.2d 373, 374 (2012) (quoting *Swift & Co. v. Dan-Cleve Corp.*, 26 N.C. App. 494, 495, 216 S.E.2d 464, 465 (1975)). "A determination of venue under N.C. Gen. Stat. § 1-83(1) is, therefore, a question of law that we review *de novo*." *Id.* (citations omitted). "Under a *de novo* review, the court considers the matter anew and freely substitutes its own judgment for that of the lower tribunal." *Craig ex rel. Craig v. New Hanover Cnty. Bd. of Educ.*, 363 N.C. 334, 337, 678 S.E.2d 351, 354 (2009) (citation and quotation marks omitted).

Defendants contend venue in this case is governed—and mandated—by N.C. Gen. Stat. § 1-77. Under N.C. Gen. Stat. § 1-77, a case "must be tried in the county where the cause, or some part thereof, arose, subject to the power of the court to change the place of trial" where the action is "[a]gainst a public officer or person especially appointed to execute his duties, for an act done by him by virtue of his office[.]" N.C. Gen. Stat. § 1-77 (2023). Defendants assert they constitute "public officers" or "persons especially appointed" under the statute because of their alleged employment relationships with UNC Hospitals. As such, Defendants argue venue was improper in Pender County and only proper in Orange County where their alleged negligence took place.

Here, however, the trial court expressly stated in its Order Denying Defendants' Motions to Change Venue: "The Court makes no finding that Dr. Burks or Dr. Ghosh are not covered under N.C. Gen. Stat. [§] 1-77[.]" Instead, the trial court

ruled "based upon what was presented to the Court, the motions to change venue pursuant to N.C. Gen. Stat. §§ 1-77 and 1-83 are both denied."

Indeed, Defendants presented nothing to the trial court that established they were either "public officials" or "persons especially appointed." Defendants point to the allegations in Plaintiff's Complaint alleging an employment or agency relationship between Defendants and UNC Hospitals and School of Medicine. However, their argument completely ignores the fact they either denied or objected to and moved to strike each of those material allegations. *See Jackson v. Love*, 82 N.C. 405, 408 (1880) ("The denial [of an allegation in a pleading] destroys the force of an allegation and puts the controverted fact in issue."). Further, there is no indication Defendants obtained any ruling on their objections or motions to strike. Moreover, in the alternative, Defendants claimed they lacked knowledge or information sufficient to form a belief as to the truth of the pertinent allegations in Plaintiff's Complaint. Thus, the pleadings do not conclusively establish Defendants' relationship with UNC Hospitals or the School of Medicine.

Not only do the pleadings not resolve the issue, but Defendants also presented no evidence to support a determination they constituted public officials or persons especially appointed. Defendants presented no affidavits, sworn testimony, or other exhibits, which might support findings establishing the nature of their relationship with UNC Hospitals or the School of Medicine. Rather, Defendants rely solely on the arguments of counsel. However, "[i]t is axiomatic that the arguments of counsel are

not evidence." *State v. Bare*, 197 N.C. App. 461, 476, 677 S.E.2d 518, 529 (2009) (citation and quotation marks omitted); *see also Harter v. Eggleston*, 272 N.C. App. 579, 584, 847 S.E.2d 444, 448 (2020) ("It is long established that the arguments of counsel are not evidence." (citation and quotation marks omitted)). In turn, arguments of counsel do not support findings of fact. *See Crews v. Paysour*, 261 N.C. App. 557, 561, 821 S.E.2d 469, 472 (2018) (discussions between counsel and trial court did not constitute evidence and did not support findings of fact in the absence of an evidentiary hearing or stipulations by the parties).

As such, there was nothing on the record before the trial court that would have permitted the trial court to make findings regarding the relationship of Defendants to UNC Hospitals or the School of Medicine—let alone determine whether Defendants constituted public officials or persons especially appointed as contemplated under N.C. Gen. Stat. § 1-77. Thus, on this Record, there is no basis to determine venue is mandated by application of N.C. Gen. Stat. § 1-77. Therefore, venue was not improper in Pender County where Plaintiff resides. *See* N.C. Gen. Stat. § 1-82 (2023) ("In all other cases the action must be tried in the county in which the plaintiffs or the defendants, or any of them, reside at its commencement"). Consequently, the trial court did not err in denying Defendants' Motions to Change Venue based on the materials presented to the trial court.

II. <u>Reconsideration</u>

Ancillary to Defendants' argument regarding the trial court's denial of their

Motions to Change Venue, Defendants further argue the trial court erred by failing to allow them to be heard further on the Motion or to reconsider and revisit its Order. Defendants' arguments are without merit.

Defendants' Motion asked the trial court to reconsider its ruling and to allow Defendants to be heard further and reconsider the text of its Order Denying Defendants' Motions to Change Venue. We review a denial of a motion to reconsider only for an abuse of discretion. *See Jackson v. Culbreth*, 199 N.C. App. 531, 538, 681 S.E.2d 813, 818 (2009) (noting that this Court reviews a denial of a motion for reconsideration for abuse of discretion).

"A motion for reconsideration is not a vehicle to identify facts or legal arguments that could have been, but were not, raised at the time the relevant motion was pending." *Julianello v. K-V Pharm. Co.*, 791 F.3d 915, 923 (8th Cir. 2015). "The limited use of a motion to reconsider serves to ensure that parties are thorough and accurate in their original pleadings and arguments presented to the Court. To allow motions to reconsider offhandedly or routinely would result in an unending motions practice." *Wiseman v. First Citizens Bank & Tr. Co.*, 215 F.R.D. 507, 509 (W.D.N.C. 2003) (citation omitted).

Here, Defendants' Motion was an attempt to identify facts or further arguments that could have been made to the trial court while their Motions to Change Venue were pending. Moreover, to the extent Defendants now couch this as a request for the trial court to make findings of fact, Defendants' Motion was untimely because

it was filed after entry of the trial court's underlying Order. *J.M. Dev. Grp. v. Glover*, 151 N.C. App. 584, 586, 566 S.E.2d 128, 130 (2002) ("A request [for findings] is untimely if made after the entry of a trial court's order."). In any event, as noted above, there was no evidence on which the trial court could make findings of fact.

Thus, the trial court was not required to revisit or reconsider its ruling on Defendants' Motions to Change Venue. Therefore, the trial court did not abuse its discretion in denying Defendants' Motion to be Heard on Findings Made by the Court Following Defendants' Motion to Transfer Venue and Alternative Motion for Reconsideration of the Court's Denial of Defendants' Request to be Heard on Findings Made by the Court Following Defendants' Motion to Transfer Venue. Consequently, Defendants' arguments are meritless.

## **Conclusion**

Accordingly, for the foregoing reasons, the trial court's Orders are properly affirmed.


AFFIRMED.

Chief Judge DILLON and Judge WOOD concur.