IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-98

Filed 5 November 2025

Guilford County, No. 21CR026185-400

STATE OF NORTH CAROLINA

v.

ENOC ALCANTARA

Appeal by Petitioner from order entered 26 June 2024 by Judge Michael Duncan in Guilford County Superior Court. Heard in the Court of Appeals 9 September 2025.

> *Attorney General Jeff Jackson, by Assistant Attorney General Zachary Smith, for the State-Appellee.*
>
> *Jason Christopher Yoder for Petitioner-Appellant.*

COLLINS, Judge.

Petitioner[1] Enoc Alcantara appeals from the trial court's order concluding that the federal statute under which Petitioner was convicted in 2003 is substantially similar to the North Carolina statute for third-degree sexual exploitation of a minor and requiring Petitioner to register as a sex offender in North Carolina. Petitioner argues that the trial court's order should be reversed because (1) the order fails to

---

[1] Throughout this case, Mr. Alcantara has referred to himself as a defendant and the courts have generally done the same. This is not accurate. He is a petitioner in a civil proceeding.

contain all the required conclusions of law; (2) the State failed to provide the trial court with the correct version of N.C. Gen. Stat. § 14-190.17A; (3) 18 U.S.C. § 2252(a)(4)(A) is not substantially similar to N.C. Gen. Stat. § 14-190.17A; and (4) the test for determining substantial similarity is unconstitutionally vague. For the following reasons, we affirm.

## I. Background

Petitioner pled guilty on 22 April 2003 in the United States District Court for the district of Puerto Rico to one count of violating 18 U.S.C. § 2252(a)(4)(A) ("federal exploitation statute"), which criminalizes "[c]ertain activities relating to material involving the sexual exploitation of minors." Petitioner was sentenced to an active term of forty months' imprisonment.

On 20 October 2021, the Guilford County Sheriff's Department notified Petitioner that he was required to register as a sex offender in North Carolina based on his prior federal conviction and that he had the right to contest the requirement. Petitioner filed a Petition and Order for Judicial Determination of Sex Offender Registration Requirement on 3 November 2021.

At a hearing in June 2022, the State presented copies of Petitioner's 2003 federal conviction for sexual exploitation of a minor; the 2021 version of the federal exploitation statute; and the 2021 version of N.C. Gen. Stat. § 14-190.17A, which criminalizes sexual exploitation of a minor ("state exploitation statute"). After the hearing, the trial court entered an order concluding that the federal exploitation

- 2 -

statute was substantially similar to the state exploitation statute and ordering Petitioner to register as a sex offender in North Carolina for a term of thirty years. Petitioner appealed that order to this Court.

In December 2023, this Court issued an opinion vacating the trial court's order and remanding the matter to the trial court for a new hearing where the State was permitted to offer additional evidence. *See In re Alcantara*, 291 N.C. App. 430, 434-35 (2023). This Court reasoned that by failing to present the trial court with the 2003 version of the federal exploitation statute, "or evidence that there had not been any changes in the intervening 18 years, the State failed to meet its burden to present sufficient evidence of the applicable statute." *Id.* at 434.

The matter came on for a new hearing in March 2024, wherein the State again argued that the federal exploitation statute is substantially similar to the state exploitation statute. The State's exhibits introduced, without objection, included: the 2002 and 2003 versions of the federal exploitation statute, 18 U.S.C. § 2256, and the 2023 version of the state exploitation statute.

After hearing arguments from both parties, the trial court took the matter under advisement. The trial court reconvened several months later and announced its findings in open court. The trial court found that the State met its burden of proving by a preponderance of the evidence that the federal exploitation statute is substantially similar to the state exploitation statute. The trial court, therefore, concluded that Petitioner is required to "register as a sex offender pursuant to North

Carolina General Statutes for a period of thirty years based upon the out-of-state or federal conviction, which it is a federal conviction." The trial court entered a written order memorializing its decision on 26 June 2024. Petitioner appeals.

## II. Discussion

Petitioner's various arguments on appeal raise issues of law, which this Court reviews de novo. *In re McIlwain*, 283 N.C. App. 378, 379 (2022). Under a de novo review, "this Court considers the matter anew and freely substitutes its own judgment for that of the lower tribunal." *State v. Bryant*, 267 N.C. App. 575, 577 (2019) (citation omitted).

## A. Trial Court's Written Order

Petitioner first argues that the trial court's "order should be reversed because it fails to contain all of the conclusions of law required under N.C. Gen. Stat. § 14-208.12B(d)." Petitioner's argument lacks merit.

N.C. Gen. Stat. § 14-208.12B governs sex offender registration for federal offenses. When a person is notified that they may be required to register as a sex offender in North Carolina based on a federal conviction that is substantially similar to a North Carolina "reportable conviction," the person may "contest the requirement to register by filing a petition to obtain a judicial determination as to whether the person is required to register under this Article." N.C. Gen. Stat. § 14-208.12B(a) (2025). The trial court's review is limited to determining whether the person's federal conviction is "substantially similar to a reportable conviction, as defined in [N.C. Gen.

Stat. §] 14-208.6(4)(a)." *Id.* A reportable conviction includes "[a] final conviction for an offense against a minor, a sexually violent offense, or an attempt to commit any of those offenses. . . ." *Id.* § 14-208.6(4)(a) (2025). The State bears the burden of proving substantial similarity by a preponderance of the evidence. *Id.* § 14-208.12B(c) (2025).

If, "[a]fter reviewing the petition, receiving any and all evidence presented by the parties at the hearing, [and] considering any arguments of the parties," the trial court determines the federal conviction is "substantially similar" to a reportable conviction under N.C. Gen. Stat. § 14-208.6(4)(a), the trial court "shall order the person to register as a sex offender" and "shall prepare a written order" that is filed with the clerk of court. *Id.* § 14-208.12B(d) (2025). Our sex-offender registration statutes are civil in nature, and, therefore, the rules of civil procedure apply. *See In re Hall*, 238 N.C. App. 322, 330 (2014); *see also State v. Strudwick*, 379 N.C. 94, 120 (2021) (applying Civil Procedure Rule 60 to a trial court's order for satellite-based monitoring).

Civil Procedure Rule 52 governs when a trial court's judgments and orders must include findings of fact and conclusions of law. *See* N.C. Gen. Stat. § 1A-1, Rule 52(a) (2025). While trial court judgments in bench trials must contain findings of fact and conclusions of law, findings of fact and conclusions of law are generally not necessary on decisions on motions unless requested by a party. *Id.* A party's request for specific written findings and conclusions must be made prior to the trial court's entry of the written order. *J.M. Dev. Grp. v. Glover*, 151 N.C. App. 584, 586 (2002).

Here, upon remand from this Court, the trial court held a hearing in March 2024, where it considered the evidence introduced at the previous hearing, received additional evidence, and heard arguments by both parties. The trial court took the matter under advisement, and approximately three months later, it reconvened and announced its ruling in open court: "[T]he [c]ourt is going to find and require that the [Petitioner] . . . is required to register as a sex offender as set forth under Part 2, Article 27A of Chapter 14 of the North Carolina General Statutes based on out-of-state or federal conviction." The following colloquy ensued:

> [THE STATE]:     Your Honor, I would have two requests. One, that the Court make a specific finding as it was one of the points in the appellate decision, I believe, that the federal law in effect at the time of [Petitioner's] conviction is what is, in fact, substantially similar to North Carolina law, to make that finding specifically. And also to just incorporate the State's exhibits into the Court's findings by reference.
>
> THE COURT:     What I'm willing to do in addition to signing an AOC form, if you'll prepare a short order making those findings, I will attach it to -- in fact, and make it part of the Court order, but I'm going to ask that you prepare a short order making those findings and conclusions and, therefore, [c]ourt's ordering, as it already has, favor [Petitioner's counsel] with a copy of it before you task it to me for signature, but I'll be happy to do so.
>
> [THE STATE]:     Yes, sir.
>
> THE COURT:     Anything that the Court failed to address, [Defense counsel]?
>
> [DEFENSE COUNSEL]:  No, Your Honor. I do appreciate your consideration in this regard.

The trial court then, in accordance with the State's request for specific findings, Petitioner's acquiescence, and N.C. Gen. Stat. § 14-208.12B(d), entered a written order stating the following:

> In addition to the Findings of Fact and Conclusions of Law announced in Open Court and reflected in the Order to Register, the Court makes these specific:
>
> Findings of Fact
>
> The [c]ourt hereby incorporates into its findings the Exhibits presented by the State containing the printed federal statutes and annotations in effect at the time of the [Petitioner's] conviction under [the federal exploitation statute], as well as the North Carolina Statutes in effect at the time of the [Petitioner's] petition.
>
> Conclusions of Law
>
> The [c]ourt finds based upon the foregoing, that the federal statutes, [the federal exploitation statute] and related statutes providing definitions for same, in effect at the time of the petitioner's conviction are substantially similar to [the state exploitation statute] and related statutes providing definitions for same.

(emphasis omitted).

The trial court's order complies with N.C. Gen. Stat. § 14-208.12B. Under that statute, if the trial court determines the petitioner's federal conviction is "substantially similar" to a "reportable conviction," the trial court "shall order the person to register as a sex offender" and "shall prepare a written order" that is filed with the clerk of court. *Id.* § 14-208.12B(d). Read together, the trial court's "written order" "shall order the person to register as a sex offender." *Id.* The order in this case

does just that.

The trial court's order also complies with Civil Procedure Rule 52. The trial court reviewed the petition, held a hearing where it received into evidence copies of the relevant statutes, and considered the parties' arguments before determining, as a matter of law, that Petitioner's federal conviction is "substantially similar" to a "reportable conviction." *See State v. Hanton*, 175 N.C. App. 250, 254 (2006) ("[W]hether an out-of-state offense is substantially similar to a North Carolina offense is a question of law. . . ."). The trial court then issued an order requiring Petitioner to register as a sex offender. The hearing was akin to a hearing on a dispositive motion, like a Rule 12(b)(6) motion to dismiss, where the trial court considers as a matter of law "whether the allegations of the complaint, if treated as true, are sufficient to state a claim upon which relief can be granted under some legal theory." *Taylor v. Bank of Am., N.A.*, 382 N.C. 677, 679 (2022) (citation omitted). Thus, like an order on a Rule 12(b)(6) motion, the order here did not require written findings of fact and conclusions of law unless they were requested by a party. *See* N.C. Gen. Stat. § 1A-1, Rule 52(a)(2); *see also Taylor*, 382 N.C. at 679-80 ("Assuming . . . that there could ever be a need for the making of findings and conclusions in an order granting or denying a [Rule 12(b)(6)] motion to dismiss," neither party requested factual findings or conclusions of law to be made in the trial court's order, and therefore, pursuant to Rule 52(a)(2), the "trial court is not required to make factual findings and conclusions of law to support its order[.]") (citations

omitted).

At the hearing, the State specifically requested that the trial court make a written finding "that the federal law in effect at the time of [Petitioner's] conviction is what is, in fact, substantially similar to North Carolina law" and incorporate the State's exhibits in the written order by reference. The trial court agreed and asked Petitioner if there was "[a]ything that the [c]ourt failed to address[?]" Petitioner responded, "No, Your Honor. I do appreciate your consideration in this regard." The trial court entered a written order containing the findings requested by the State and agreed to by Petitioner.

Although Petitioner generally argues in his brief that the "conclusions of law" were insufficient, Petitioner ultimately asserts that the order "fails to find that [Petitioner's]'s conviction under [the federal exploitation statute] is 'substantially similar to a reportable conviction' as required by N.C. Gen. Stat. § 14-208.12B(d)." This is not accurate. The order specifically finds that Petitioner's conviction under the federal exploitation statute is "substantially similar" to the state exploitation statute, which is a reportable conviction as defined by N.C. Gen. Stat. § 14-208.6(4)(a).

Accordingly, as the trial court's written order did not "fail[] to contain all of the conclusions of law required under N.C. Gen. Stat. § 14-208.12B(d)," Petitioner's argument is meritless.

**B. Date for North Carolina "Reportable Conviction"**

Petitioner next argues that the State did not meet its burden of proof because it "failed to present the trial court with any evidence of [the state exploitation statute] from 2002, the date of the offense."

The State must prove "by a preponderance of the evidence" that the person's "federal conviction is for an offense, which if committed in North Carolina," is "substantially similar" to either a "sexually violent offense" or an "offense against a minor." N.C. Gen. Stat. § 14-208.12B(c); N.C. Gen. Stat. § 14-208.6(4)(a). The trial court "may review copies of the relevant . . . federal criminal law and compare the elements of the . . . federal offense to those purportedly similar to a North Carolina offense." *Id.* § 14-208.12B(c).

The trial court's review of a petition to obtain a determination as to whether a person is required to register as a sex offender is limited to a determination of whether the person's "federal conviction is substantially similar to a reportable conviction." *Id.* § 14-208.12B(a). A "reportable conviction" is defined as "[a] final conviction for an offense against a minor, a sexually violent offense, or an attempt to commit any of those offenses . . . ." *Id.* § 14-208.6(4)(a).

A plain reading of N.C. Gen. Stat. § 14-208.12B shows that the version of the North Carolina statute that the State must present to the trial court is the version in effect at the time of the hearing on the petitioner's petition. *See id.* § 14-208.12B(a) ("The review under this section is limited to determine whether or not the person's

out-of-state or federal conviction *is* substantially similar to a reportable conviction. . . .") (emphasis added).

Here, the matter came on for hearing on 21 March 2024. At the hearing, the State presented to the trial court the 2023 version of the state exploitation statute — the version in effect at the time of the hearing.[2] Accordingly, the State did not fail to meet its burden of proof by not "present[ing] the trial court with any evidence of [the state exploitation statute] from 2002, the date of the offense."

## C. Substantial Similarity

Petitioner next argues that the trial court erred by concluding that the federal exploitation statute under which Petitioner was convicted is substantially similar to the state exploitation statute.

Whether a federal conviction "is for an offense that is substantially similar to a North Carolina offense is a question of law involving comparison of the elements of the [federal] offense to those of the North Carolina offense." *In re McIlwain*, 283 N.C. App. at 380 (quotation marks and citation omitted). "We do not look beyond the elements of the offenses to consider the underlying facts of a defendant's out-of-state [or federal] conviction or the legislative purpose of the respective statutes defining the offenses." *Id.* (quotation marks and citation omitted). It is not required "that the

---

[2] Although changes were made to the statute in 2024, they were not effective until 8 July 2024; therefore, the 2023 version was the correct version in effect at the time of the March 2024 hearing.

statutory wording precisely match, but rather that the offense be 'substantially similar.'" *State v. Sapp*, 190 N.C. App. 698, 713 (2008).

"Certain activities relating to material involving the sexual exploitation of minors" are governed by 18 U.S.C. § 2252, which provides, in pertinent part,

> (a) Any person who—
>
> . . . .
>
> (4) either—
>
>> (A) in the special maritime and territorial jurisdiction of the United States, or on any land or building owned by, leased to, or otherwise used by or under the control of the Government of the United States, . . . knowingly possesses 1 or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction [if]
>>
>> . . . .
>>
>>> (i)     the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and
>>>
>>> (ii)     such visual depiction is of such conduct;
>>
>> shall be punished as provided in subsection (b) of this section.

18 U.S.C. § 2252(a)(4)(A) (2002).

In comparison, a person commits the North Carolina offense of third degree sexual exploitation of a minor if "knowing the character or content of the material, he possesses material that contains a visual representation of a minor engaging in sexual activity." N.C. Gen. Stat. § 14-190.17A(a) (2023).

- 12 -

In addition to the elements of the offenses themselves, the statutes contain various terms that are used to define the elements. 18 U.S.C. § 2256, for example, contains the following definitions:

> (1) "minor" means any person under the age of eighteen years;
>
> (2) . . . "sexually explicit conduct" means actual or simulated—
>
>> (i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;
>>
>> (ii) bestiality;
>>
>> (iii) masturbation;
>>
>> (iv) sadistic or masochistic abuse; or
>>
>> (v) lascivious exhibition of the genitals or pubic area of any person
>
> . . . .
>
> (5) "visual depiction" includes undeveloped film and videotape, and data stored on computer disk or by electronic means which is capable of conversion into a visual image[.]

18 U.S.C. § 2256 (2002). Similarly, the North Carolina General Statutes contain the following definitions:

> (2) Material. – Pictures, drawings, video recordings, films or other visual depictions or representations, but not material consisting entirely of written words.
>
> (3) Minor. – An individual who is less than 18 years old and is not married or judicially emancipated.

. . . .

(5) Sexual activity. – Any of the following acts:

    a.  Masturbation, whether done alone or with another human or an animal.

    b.  Vaginal, anal, or oral intercourse, whether done with another human or with an animal.

    c.  Touching, in an act of apparent sexual stimulation or sexual abuse, of the clothed or unclothed genitals, pubic area, or buttocks of another person or the clothed or unclothed breasts of a human female.

    d.  An act or condition that depicts torture, physical restraint by being fettered or bound, or flagellation of or by a person clad in undergarments or in revealing or bizarre costume.

    . . . .

    f.  The insertion of any part of a person's body, other than the male sexual organ, or of any object into another person's anus or vagina, except when done as part of a recognized medical procedure.

    g.  The lascivious exhibition of the genitals or pubic area of any person.

N.C. Gen. Stat. § 14-190.13 (2023).

These offenses are substantially similar. Both offenses include elements of the defendant's knowledge and the defendant's possession. The element of the North Carolina statute that the defendant possess "material that contains a visual representation of a minor engaging in sexual activity" is substantially similar to the element of the federal statute that the defendant possess "matter which contain[s]

any visual depiction" when "the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct[.]" N.C. Gen. Stat. § 14-190.17A(a); 18 U.S.C. § 2252(a)(4)(A).

Furthermore, the terms that are used to define the elements of both the federal and North Carolina statutes are also substantially similar. 18 U.S.C. § 2256 defines "minor" as "any person under the age of eighteen years," and N.C. Gen. Stat. § 14-190.13 defines "minor" as "[a]n individual who is less than 18 years old and is not married or judicially emancipated." Although these provisions do not "precisely match," they are substantially similar in meaning. *Sapp*, 190 N.C. App. at 713; *see In re McIlwain*, 283 N.C. at 384 (comparing a Texas statute defining "minor" as "any child younger than 18 years of age" with North Carolina's statute defining "minor" as any child under the age of eighteen and not married or judicially emancipated) (quotation marks and citations omitted). Likewise, the federal statute's definition of "sexually explicit conduct" is substantially similar to the North Carolina statute's definition of "sexual activity," and the federal statute's definition of "visual depiction" is substantially similar to the North Carolina statute's definition of "material." *See* 18 U.S.C. § 2256; N.C. Gen. Stat. § 14-190.13.

Petitioner makes several specific arguments as to why the trial court erred in concluding that these statutes are substantially similar. First, he argues that the two offenses have different mental states. This argument is misguided. Although the precise wording of the statutes differ, both require that the defendant possess

material that he knows contains explicit content. *See* 18 U.S.C. § 2252(a)(4)(A); N.C. Gen. Stat. § 14-190.17A(a).

Petitioner also argues on appeal, although not at trial, that these offenses are not substantially similar because they have different defenses. Even if we assume the argument is preserved, *see State v. Womble*, 277 N.C. App. 164, 174-75 (2021) (explaining that "where a theory argued on appeal was not raised before the trial court, the law does not permit parties to swap horses between courts in order to get a better mount in the appellate courts") (brackets and citation omitted), in determining whether two offenses are substantially similar, the trial court is not to "look beyond the elements of the offenses." *In re McIlwain*, 283 N.C. App. at 380 (citation omitted). The varying availability of defenses, therefore, has no impact on substantial similarity.

Accordingly, "the subtle distinctions [between the two statutes] do not override the almost inescapable conclusion that both offenses criminalize essentially the same conduct"—the possession of material involving the sexual exploitation of minors. *State v. Riley*, 253 N.C. App. 819, 827 (2017). The trial court therefore did not err by concluding that the federal exploitation statute is substantially similar to the state exploitation statute.

**D. Void for Vagueness**

Petitioner finally argues that the trial court's order should be reversed because the "substantial similarity" test under N.C. Gen. Stat. § 14-208.6(4)(c) is

unconstitutionally vague.

"In challenging the constitutionality of a statute, the burden of proof is on the challenger, and the statute must be upheld unless its unconstitutionality clearly, positively, and unmistakably appears beyond a reasonable doubt or it cannot be upheld on any reasonable ground." *State v. Mello*, 200 N.C. App. 561, 564 (2009) (citation omitted). "We presume that the statutes are constitutional, and resolve all doubts in favor of their constitutionality." *State v. Evans*, 73 N.C. App. 214, 217 (1985) (citations omitted).

The Fourteenth Amendment to the United States Constitution "requires that laws be sufficiently clear to provide notice of what is prohibited and provide minimum guidelines to those who enforce such laws." *Mello*, 200 N.C. App. at 567 (citation omitted). Generally, "[a] statute is 'void for vagueness' if it forbids or requires doing an act in terms so vague that [people] of common intelligence must necessarily guess at its meaning and differ as to its application." *State v. Worthington*, 89 N.C. App. 88, 89 (1988) (citations omitted).

"A statute is unconstitutionally vague if it either: (1) fails to give the person of ordinary intelligence a reasonable opportunity to know what is prohibited; or (2) fails to provide explicit standards for those who apply the law." *N.C. Cemetery Comm'n v. Smoky Mountain Mem'l Parks, Inc.*, 293 N.C. App. 270, 275 (2024) (citation omitted). "When evaluating whether a person of ordinary intelligence could determine what conduct is prohibited, only a reasonable degree of certainty is necessary,

mathematical precision is not required." *Mello*, 200 N.C. App. at 567 (cleaned up). Rather, the Constitution merely "requires that the statute [] prescribe boundaries sufficiently distinct for judges and juries to interpret and administer it uniformly." *Rhyne v. K-Mart Corp.*, 358 N.C. 160, 186 (2004) (quotation marks and citation omitted).

N.C. Gen. Stat. § 14-208.6(4)(c) provides that a "[r]eportable conviction" includes "[a] final conviction in a federal jurisdiction (including a court martial) of an offense, which is substantially similar to an offense against a minor or a sexually violent offense as defined by this section." N.C. Gen. Stat. § 14-208.6(4)(c) (2025).

Here, Petitioner argues,

> The test for whether two statutes are substantially similar relies on subjective judgment and lacks clear, objective standards, leading to arbitrary and inconsistent enforcement. Without clear rules, the test leaves too much discretion to judges who may impose their own subjective opinions about what constitutes "substantial similarity." This raises concerns about fair notice and equal protection under the law.

Although the test for substantial similarity does not follow a "bright-line rule" and instead requires "flexibility," *State v. Graham*, 379 N.C. 75, 84 (2021), our substantial similarity test comports with due process requirements.

In determining whether two statutes are substantially similar, a strict comparison of the statutory elements is required. *In re McIlwain*, 283 N.C. App. at 380. It is well settled that a court may not "look beyond the elements of the offenses"

and may not consider "the legislative purpose of the respective statutes defining the offenses." *Id.* (quotation marks and citation omitted). Furthermore, the substantial similarity test neither fails to give a "person of ordinary intelligence a reasonable opportunity to know what is prohibited" nor "fails to provide explicit standards for those who apply the law." *N.C. Cemetery Comm'n*, 293 N.C. App. at 275 (citation omitted). The mere fact that two statutes need not be identical does not render the test unconstitutionally vague. The test "prescribe[s] boundaries sufficiently distinct for judges and juries to interpret and administer it uniformly." *Rhyne*, 358 N.C. at 186 (quotation marks and citation omitted).

And as applied specifically to the facts of this case, the substantial similarity test comports with the requirements of the Fourteenth Amendment. The Guilford County Sheriff's Office provided Petitioner with notice of his requirement to register as a sex offender in North Carolina based upon his prior federal conviction, and Petitioner was given an opportunity to petition for a judicial determination of his requirement to register—an opportunity that Petitioner took. An examination and comparison of the elements of 18 U.S.C. § 2252(a)(4)(A) and N.C. Gen. Stat. § 14-190.17A reveals that the statutes are substantially similar.

Accordingly, the "substantial similarity" test under N.C. Gen. Stat. § 14-208.6(4)(c) is not unconstitutionally vague.

## III.   Conclusion

For the foregoing reasons, the trial court's order is affirmed.

AFFIRMED.

Judges CARPENTER and FLOOD concur.